## Meyer, Hess & Company, Appellees, v. J. H. Way, trading as Way Muffler Company, Appellant.

### Gen. No. 18,904.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed May 20, 1914.

### Statement of the Case.

Action by Meyer, Hess & Company, a copartnership, against J. H. Way, trading as Way Muffler Company, to recover damages alleged to have been occasioned by the failure of defendant to deliver to plaintiffs certain mufflers claimed to have been purchased of defendant. The suit was originally instituted before a justice of the peace. An appeal was taken to the Circuit Court where plaintiffs recovered a judgment for $196, which judgment was reversed on appeal to the Appellate Court. The present appeal is from a judgment in favor of plaintiffs for $149.38 on the second trial of the case in the Circuit Court.

FRED A. BANGS, for appellant.

FRIEDMAN & ADER, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 380*—*when vendee entitled to loss of profits resulting from nondelivery.* In an action by a clothing firm against a manufacturer of clothing to recover damages for failure of defendant to deliver certain goods ordered through defendant's sales agent, *held* that the loss of profits which would have accrued from plaintiffs' resale of the goods ordered was a proper measure of damages, it appearing that defendant accepted the order with

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

knowledge that the goods so ordered had been sold to plaintiffs' customers and that by reason of defendant's failure to supply the same plaintiffs were required to purchase goods on the market at a price in excess of the contract price to supply their customers upon the orders taken.

2. SALES, § 376*—*rule as to when profits constitute measure of damages.* Though ordinarily, where a vendor fails to comply with his contract to sell and deliver certain goods at a fixed price, the measure of damages in an action by the vendee is the difference between the contract price and the value of the goods in the market at the time and place of delivery, yet where the vendor knows that the vendee has an existing contract for a resale at an advanced price, and that the purchase is to fulfil such contract, and the vendor agrees to supply the goods to enable the vendee to perform his contract, profits which would accrue to the vendee upon performing the contract of resale may properly be said to have entered into the contemplation of the parties in making the contract, and such profits constitute a proper measure of damages.