(No. 20142.

THE PEOPLE *ex rel.* Joseph A. Asch, Petitioner, *vs.* JOHN E. TRAEGER, Sheriff, Respondent.

*Opinion announced orally February 21, 1930.*

JAMES E. DANIELS, and PEIFER & PEIFER, for petitioner.

JOSEPH A. GRABER, for respondent.

Mr. JUSTICE DUNN announced the opinion of the court:

The petitioner, Joseph A. Asch, is detained in the custody of the sheriff of Cook county by virtue of a writ of *capias ad satisfaciendum* issued on a judgment in an action of tort. His application for a writ of *habeas corpus* is based upon the claim that he is detained without authority of law for want of compliance by the judgment creditor with section 31 of the Insolvent Debtors act, which provides, that "should the debtor be detained in jail under such writ for more than one week, it shall be the duty of the creditor, at the commencement of each week, to advance to such jailor the board of the debtor for the succeeding week, and in default of such payment in advance, the debtor may be discharged by such jailor." With the petition for the writ is filed a stipulation of the attorneys of the petitioner, the attorney of the sheriff and John W. Cherry, the judgment creditor, that on the 24th day of January, 1930, the board of Asch in the amount of $3.50 was paid by the

agent of Cherry for and on Cherry's behalf and not by Cherry personally, and it is claimed that the payment, because not paid by Cherry in person, was not a compliance with the provisions of section 31.

In general, whenever an act is required to be done by an individual, and is not of such a character that it can be done only by the individual of whom it is required in person, he may do that act by an agent. *Qui facit per alium, facit per se.* The maxim applies in this case. The Habeas Corpus act provides that the writ shall be issued unless it shall appear from the petition itself, or from the documents thereto annexed, that the party can neither be discharged, admitted to bail nor otherwise relieved. It does appear from this petition that the petitioner cannot be discharged, admitted to bail or otherwise relieved.

Since there has been no failure to perform the act for failure to perform which the petitioner claims the right to be discharged, the petition is denied. *Petition denied.*