(No. 20462.—

ANDREW SKALA, Defendant in Error, *vs.* TOM LEHON, Plaintiff in Error.

*Opinion filed April 23, 1931.*

MILLER, GORHAM & WALES, (EDWARD R. ADAMS, and C. R. LARRABEE, of counsel,) for plaintiff in error.

FINN & MILLER, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Defendant in error filed suit in the superior court of Cook county against Tom Lehon, plaintiff in error, George Briner and the Lehon Company, a corporation, charging negligence on the part of said defendants in the operation of an automobile then owned and operated by them, which by reason of such negligence collided with the automobile in which the plaintiff was riding, resulting in injury to him. There were six counts to the original declaration. The sixth count, in addition to the charges above set forth, charged violation of the statute requiring motor vehicles at the intersection of public highways to keep to the right of the center of such intersection when turning to the right and to pass to the right of such intersection when turning to the left. The cause came on for trial, and after the hearing of evidence the suit was dismissed as to Briner and the Lehon Company and an amended declaration filed consisting of two counts, which were identical with the first and sixth counts of the original declaration except the omission of Briner and the Lehon Company as defendants and the addition of a charge that the defendant Lehon, by Briner, who was a servant and agent of Lehon, acting within the scope of his authority, committed the injury complained of. To

this amended declaration Lehon filed the general issue and a plea of the Statute of Limitations, to which plea the defendant in error filed, and the court sustained, a demurrer. The jury returned a verdict for the plaintiff in the sum of $8500, which was affirmed by the Appellate Court.

The only issue involved on this review is whether the trial court erred in sustaining the demurrer to the plea of the Statute of Limitations, the amended declaration having been filed more than two years after the date of the injury. The correctness of the ruling of the trial court in this regard depends on whether the declaration charging negligence of Lehon, by Briner as his agent, is a different cause of action from the original declaration charging negligence of Lehon, Briner and the Lehon Company.

Plaintiff in error argues that the original and amended declarations present different causes of action; that a master and servant cannot be jointly charged as tort feasors, and that since the original declaration in this case charged Lehon and Briner as joint tort feasors and the amended declaration charged Lehon alone with liability on the doctrine of *respondeat superior*, the causes of action are not the same.

The question whether a joint action may be maintained against a master and his servant where the master's liability is founded upon the doctrine of *respondeat superior* has not heretofore been squarely presented to this court. It has been frequently presented to the Appellate Courts of this State and their decisions are in conflict. There is likewise much confusion in the decisions of courts of other jurisdictions concerning this matter. Those courts taking the negative view of this question seem to proceed on the theory that contribution may not be had by one against other joint tort feasors while a master may have contribution against his servant who commits the injury out of the master's presence, and that the right of contribution is thus lost where the master and servant are charged as joint tort feasors. The premise on which the deduction is based, however, does

not appear to be borne out by reason or supported by the greater weight of authority. It is true, as a general rule, that the right of contribution does not exist as between joint tort feasors where there is concerted action in the commission of the wrong. Where, however, there is no concerted action the rule does not apply, as the parties in such case are not *in pari delicto* as to each other, and as between themselves their rights may be adjusted in accordance with the principles of law applicable to the relation in fact existing between them. (Cooley on Torts,—3d ed.— p. 261; *Mayberry* v. *Northern Pacific Railroad Co.* 100 Minn. 79; *Schumpert* v. *Southern Railway Co.* 65 S. C. 332; *Oceanic Steam Navigation Co.* v. *Compania Trans-Atlantica Espanola,* 134 N. Y. 461; 1 Shearman & Redfield on Negligence, (5th ed.) sec. 242.) Among the cases most cited in support of the contention that a principal and his agent may not be jointly sued for the negligence of the agent are *Parsons* v. *Winchell,* 5 Cush. (Mass.) 592, and *Warax* v. *Railway Co.* 72 Fed. 637. We are of the opinion, however, that these are not in accord with the weight of authority in this country on this question.

In *Powers* v. *Chesapeake and Ohio Railway Co.* 169 U. S. 92, the court, while not definitely declaring a rule contrary to the *Warax case,* gave in the opinion strong intimation of disapproval of that doctrine, and in *Alabama Great Southern Railway Co.* v. *Thompson,* 200 U. S. 206, and in *Chesapeake and Ohio Railroad Co.* v. *Dixon,* 179 id. 131, it was definitely held, after review of American and English cases, that as to third persons the master is responsible for the negligence of his servant in a joint action against both to recover damages for an injury. In the *Alabama Great Southern case* the court refers to the *Warax case* as a departure from the former ruling of the court announcing that decision.

Counsel for plaintiff in error argue that a distinction is to be drawn between those cases where the servant is a vice-

principal or the master is a corporation, and cases of the character of the one before us. No such distinction is drawn in the cases, however, but the doctrine appears to rest on the principle that a joint complaint against a master and his servant or principal and agent states but a single cause of action arising from the same act of negligence, the master for the negligence of his servant and the servant for his own negligence, and both being liable for the same act of negligence they may be joined as defendants. The rule as stated in 2 Shearman & Redfield on Negligence, (6th ed. sec. 248,) that "wherever a master can be held responsible for the tortious negligence of his servant, the two are generally held jointly as well as severally liable," is adopted by many of the courts of the country. Some of the decisions following this rule are as follows: *Whalen* v. *Pennsylvania Railroad Co.* 73 N. J. L. 192; *Greenberg* v. *Whitcomb Lumber Co.* 90 Wis. 225; *Schumpert* v. *Southern Railway Co. supra; Phelps* v. *Wait,* 30 N. Y. 78; *Knuckey* v. *Butte Electric Railroad Co.* 41 Mont. 314; *Mayberry* v. *Northern Pacific Railway Co.* 100 Minn. 79; *Illinois Central Railroad Co.* v. *Houchins,* 121 Ky. 526; *Southern Railway Co.* v. *Grizzle,* 124 Ga. 735; *Stinson* v. *Prevatt,* 84 Fla. 416; *Wright* v. *Compton,* 53 Ind. 337; *Dunshee* v. *Standard Oil Co.* 165 Iowa, 625; *Southern Railway Co.* v. *Arnold,* 162 Ala. 570. Such, likewise, appears to have been the rule under the common law of England. (*Brucker* v. *Fremont,* 6 T. R. 659.) This rule appears to be based on better reasoning.

In this case, had the issues been submitted to the jury on the original declaration against all the defendants there named, a verdict could have been rendered against plaintiff in error alone, as this is a tort action. (*Linquist* v. *Hodges,* 248 Ill. 491.) The charges in the original declaration were against both Lehon and Briner—not as master and servant but as joint tort feasors. It did not appear until the evidence was offered that the injury was committed by Briner, who

was Lehon's servant, in the course of his employment. The original declaration charged Lehon, as well as the other defendants named, with liability for the tort. The evidence that the injury was caused by Lehon's servant was proof of the charge of. the ultimate fact in the declaration of Lehon's negligence. It has long been the rule that the plaintiff is required to plead only ultimate facts. (*Levinson* v. *Home Bank and Trust Co.* 337 Ill. 241; *Gathman* v. *City of Chicago,* 236 id. 9.) It is likewise the rule that a charge of negligent acts against the defendant is sustained by proof of such acts on the part of his agent, on the principle that any act not of such character that it can be done only by the defendant in person may be done by his agent. (*People* v. *Traeger,* 338 Ill. 101; *Bank, etc.* v. *Guttschlick,* 39 U. S. 19; *Brucker* v. *Frémont, supra; Bennett* v. *Judson,* 21 N. Y. 238; *Thompson* v. *Lillegard,* 191 N. W. (Minn.) 405.) It may not be perceived, then, in the case at bar, that the cause of action against Lehon in the original declaration is a different cause of action from that presented in the amended declaration. Even though it appear on proof that Briner, who was named as joint tort feasor with Lehon and who committed the injury, was the servant of Lehon, the liability of Lehon is none the less proved as charged by the allegations of ultimate fact in the declaration. An amendment to meet such proof does not amount to a different cause of action against Lehon but is the same cause of action. The amended declaration charges the same act against Lehon through his agent or servant acting within the scope of his employment and states no different cause of action from that in the original declaration, which makes no reference to such relationship. We conclude that the rule announced in the cases last cited not only represents the weight of authority in this country but is based upon sound reason.

The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*