William King, Appellee, v. Frank M. Meeker and
Rebecca O'Dell, Appellants.

 Opinion filed January 23, 1933.

WILSON & WILSON and JUNE C. SMITH, for appellants.

WARD P. HOLT and WHAM & WHAM, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

In the City of Centralia, Broadway is the main east and west street. Pittenger avenue, a paved street in the business center, runs north from Broadway. On the east side of the avenue 130 feet north of Broadway is the south wall of the Wilken building. The building is 15 feet wide north and south, fronts on the avenue, and extends east 30 feet. It is completely surrounded, except on the west, by an open space of at least 30 feet in width which is used by the public as an alley.

The Mid-West Dairy Corporation has a garage on the west side of the avenue, the entrance to which is opposite the alley on the south side of the Wilken building. The plant of that corporation is about four blocks from the said garage.

Appellee was employed by that corporation to deliver its products to customers by means of a large truck. On Sunday, November 16, 1930, he loaded his truck at the plant so as to get an early start the next day. Intending to store the loaded truck in the garage until morning he drove it to that vicinity but it was too large to permit him to turn from the avenue into the garage. He backed the truck into the alley close to the south side of the Wilken building and stopped with the front of the truck about even with the east line of the avenue. He then left the truck, walked across the avenue and opened the door of the garage. He returned to the truck and tried to start it but found

he was out of gas. He went in search of gas and having secured it, he came back, raised the hood of the truck, disconnected the pipe to the vacuum tank and poured in the gas. While so engaged he stood on the south side of the truck and that part of the alley south of where he stood was about 20 feet wide. It was then about 11:45 a. m. After putting in the gas he was stooped reconnecting the pipe to the tank; a car came around the east end of the Wilken building and turned west toward the avenue. There was ample room for the car to pass appellee on the south but the driver made such a short turn to go north on the avenue that the running board of the car caught appellee's legs and pressed them against the truck with such force that both bones of one leg were broken between the knee and ankle.

The evidence clearly shows that appellant Meeker owned the car. He and appellant O'Dell had some furniture stored on Maple street. Mrs. O'Dell was talking to Meeker about taking his car to go to see about the furniture they had stored. He told her he would like for her to get his hunting suit out of storage and bring it back to him. She got in the car, started on that mission and ran into appellee before she left the alley. She was the agent or servant of Meeker and they may be sued jointly for any negligence on her part. *Skala v. Lehon,* 343 Ill. 602.

Under the evidence, negligence and contributory negligence were questions of fact for the jury and we would not be warranted in disturbing their conclusions with reference thereto. The court did not err in sustaining the demurrer to the special plea. *O'Brien v. Chicago City Ry. Co.,* 305 Ill. 244. It is argued that the court committed numerous errors in permitting leading and suggestive questions over objections. Nearly all of the objections referred to were general and in the few instances where they were specific they

were not well taken. Appellants tried to show on cross-examination of appellee that he had not paid his doctor and hospital bills and that those bills were paid by some other person or corporation. The objections to that line of examination were properly sustained.

It is argued that X-ray pictures were improperly admitted over the objection that there were no qualifications shown that they are within the rule. The witness has been engaged in X-ray and laboratory work since 1924 and in taking the pictures he had used the latest improved machine. There was no controversy as to the nature or extent of appellee's injuries. Both bones of the leg between the knee and ankle were broken and one of them protruded through the flesh. We think the pictures were properly admitted in evidence but even if they should have been excluded we cannot see how their admission in evidence could have harmed appellants. The court did not err in refusing appellants' refused instructions. Some of them were not accurate statements of the law and those that were proper were covered by some of the 11 instructions that were given on behalf of appellants. No reversible error has been called to our attention and the judgment is affirmed.

*Affirmed.*