Kenneth C. Rich and Agnes Gietl, Appellees, v. Martin Albrecht and F. A. Leach, Defendants. F. A. Leach, Appellant.

494

Opinion filed March 13, 1939. Rehearing denied July 1, 1939.

TERRY, GUELTIG & POWELL, of Edwardsville, for appellant.

QUINTEN E. SPIVEY and WHITNEL, BROWNING, LISTEMAN & WALKER, all of East St. Louis, for appellees.

MR. JUSTICE EDWARDS delivered the opinion of the court.

This action was brought by Kenneth C. Rich and Agnes Gietl against Martin Albrecht and F. A. Leach to recover for injuries which they sustained on November 12, 1936, as a result of a collision between a car in which they were riding with automobiles of the two defendants, occasioned, as they allege, by the negligence of the latter. A jury on the trial rendered verdicts in favor of the plaintiffs, $1,500 to Rich and $1,000 to Miss Gietl, upon which judgments were rendered, and from which defendant Leach has alone appealed.

The negligence charged in the complaint against said defendant so appealing is that Leach negligently drove upon the left side of the cement highway and without keeping a proper lookout ahead; that he was traveling at a high and dangerous rate of speed, and that as a result thereof the collision occurred. There was also a general charge that both defendants so negligently operated their cars as to cause them to collide with the one in which plaintiffs were riding.

Various reasons are assigned as error, among which is that the trial judge should have directed a verdict

for defendant. In order to justify such a direction it must appear that the evidence produced by plaintiff, together with all the reasonable inferences arising therefrom, when construed most strongly in favor of plaintiff, does not reasonably tend to support his claim; *Blumb v. Getz*, 366 Ill. 273. A consideration of the testimony on behalf of plaintiffs shows that same does reasonably tend to sustain their cause of action, hence the motion was properly overruled.

It is also asserted that the verdict is contrary to the manifest weight of the evidence in that it does not prove that Leach was guilty of the negligence charged; that is, that his truck was being driven upon the left side of the highway at the time of the accident.

Aaron Adams, who was following the Leach truck, testified that he saw the Albrecht car pass the Leach truck just before both collided with the car in which plaintiffs were riding, and that at such time the truck was across and over to the left side of the black center line. Miss Gietl stated that as the two cars of defendants approached, plaintiffs' car was on its proper side of the highway. Rich deposed that at the time of and just prior to the collision Leach's truck was in the center of the road, and that the Albrecht car was compelled to get off the highway and onto the shoulder in order to pass it. Mary Naughton, a passenger in plaintiffs' car, swore that Rich's auto was on the right side of the highway just before and at the time of the collision.

The evidence for defendant was that of his driver, Wilmer Van Winkle, who stated that he was at the time of and prior to the accident driving on his proper side of the pavement, and Harry Waldon, who was riding in the truck, and who, at the time of the collision, was looking out of the right-hand window and not ahead at the highway. Albrecht testified that he had, prior to the accident, passed the truck, and that he did not know

on what part of the road it was at the time it was struck.

We are of opinion that the proof, as thus epitomized, raised a fair question of fact as to whether defendant's truck was on the left side of the black line when it collided with plaintiffs' car. Where such is true, a jury's finding will not be interfered with by a reviewing court upon the ground that same is against the manifest weight of the evidence; *Ulbricht v. Western Coach Lines,* 289 Ill. App. 164; *Gregory v. Merriam,* 294 Ill. App. 483.

Finally, defendant asserts that the complaint charges that defendant was driving the truck at the time it was struck, while the proof is that it was then being operated by his servant Van Winkle, Rich not being present in person at the time, and that as a consequence there is a failure to prove the allegation that defendant was then driving the truck.

Whether it is necessary to aver that the instrumentality causing an injury was operated by defendant's servant, in order to charge the master with responsibility, has been before the different Appellate Courts of this State many times, and their decisions thereon are in hopeless conflict. We do not find that the precise question has been presented to our Supreme Court.

In 39 Corpus Juris, page 1352, sec. 1576, the rule governing in such situations is stated to be: "To state a cause of action against a defendant for a wrong committed by his servant, the ultimate fact necessary to be alleged is that the wrongful act was committed by defendant. This may be alleged either by alleging that defendant, by his servant, committed the act, or, without noticing the servant, by alleging that defendant committed the act."

The case of *Skala v. Lehon,* 343 Ill. 602, was a proceeding wherein a master and servant were sued jointly

for damage claimed to have resulted from the negligent operation of an automobile averred to be owned and operated by them. Thereafter an amendment to the complaint was filed, identical with the original with the exception of charging that one of the defendants was the servant of the other and acting within the scope of his authority. The question was whether the amendment was a restatement of the cause of action, or whether it amounted to a new cause, and if it was the latter it would be barred by statutory limitation. The Supreme Court held that it was but a restatement, and sustained the action of the trial court in permitting the amendment.

On page 607 of the opinion, in a discussion of this question, it is said: ''The evidence that the injury was caused by Lehon's servant was proof of the charge of the ultimate fact in the declaration of Lehon's negligence. It has long been the rule that the plaintiff is required to plead only ultimate facts; *Levinson v. Home Bank & Trust Co.*, 337 Ill. 241; *Gathman v. City of Chicago*, 236 Ill. 9. It is likewise the rule that a charge of negligent acts against the defendant is sustained by proof of such acts on the part of his agent, on the principle that any act not of such character that it can be done only by the defendant in person may be done by his agent.''

Here the act complained of, that is, the driving of defendant's truck, was one which could be done by the servant as well as by the master. If proof that Van Winkle's negligent driving, within the rule of the decision cited, would sustain the charge that the truck was driven by defendant, then there was no reason why the complaint should allege that the driver was the servant of defendant, and had it done so the averment would have been surplusage.

We do not find that the doctrine announced in *Skala v. Lehon, supra,* has been overruled or modified, and feel bound to follow it as the law of this State.

No complaint is made as to rulings on evidence nor as to the matter of instructions, and it is not contended that the verdicts are excessive.

The judgments will be affirmed.

*Judgments affirmed.*