**O'Kellie Summers et al., Appellees, v. Fred R. Hendricks, Trading as Hendricks Trucking Company, Defendant. Fred R. Hendricks, Appellant.**

Opinion filed March 13, 1939.  Rehearing denied July 1, 1939.

TERRY, GUELTIG & POWELL, of Edwardsville, for appellant.

J. N. McCLEES, of Collinsville, and WHITNEL, BROWNING, LISTEMAN & WALKER, of East St. Louis, for appellees.

MR. JUSTICE EDWARDS delivered the opinion of the court.

On August 28, 1937, O'Kellie Summers, accompanied by his brother Lee Summers and the latter's two minor children, Curtiss and Barbara, were driving southerly on State Highway No. 67, near Wood River, in the automobile of the said O'Kellie Summers. As they were thus proceeding, their car was forced off the cement slab, as they claim, by reason of the fact that a truck of defendant, then being driven northerly on such highway, was traveling on the left or wrong side of the pavement, and as a result of so being crowded off their car collided with a certain tree, wrecking the car, killing Lee Summers, and injuring Curtiss Summers and O'Kellie Summers.

Action was brought against defendant by O'Kellie Summers, by the mother and next friend of the minor Curtiss Summers, and by Emily Summers, administratrix of the estate of Lee Summers, deceased, to recover for the damages claimed to have been sustained as a result of the accident. Upon the trial a jury awarded verdicts in favor of plaintiffs; to O'Kellie Summers, $1,000, to Curtiss Summers, $500, and to Emily Summers, administratrix, $4,000; upon which the court, after overruling defendant's motion for a

new trial, entered judgments, and from which this appeal is prosecuted.

Defendant assigns and argues numerous reasons for reversing the judgments. Motions to direct a verdict were seasonably made and overruled, and the court's ruling thereon is assigned as error. In order to justify a directed verdict it must appear that there is no evidence which, considered in its most favorable light, supports the plaintiff's contention; *Streeter v. Humrichouse,* 357 Ill. 234. We are satisfied such evidence was offered by plaintiff, and that the motions were properly overruled.

It is also argued that the verdicts are contrary to the manifest weight of the evidence. From a consideration of the testimony it appears that the proof bearing upon the questions of the negligence of defendant, whether same was the proximate cause of the accident, and whether plaintiff, O'Kellie Summers, was guilty of contributory negligence, was conflicting, and raised a fair question of fact. Where such is true the verdict will not be set aside as against the weight of the evidence; *Mirich v. Forschner Contracting Co.,* 312 Ill. 343; *Gregory v. Merriam,* 294 Ill. App. 483.

Defendant, previous to the trial, moved for a continuance upon the ground of absent testimony. Plaintiffs agreed that the witness, if present, would testify as set forth in the supporting affidavit, whereupon the court overruled the motion, and upon the hearing the contents of same were read to the jury, except certain portions stricken as improper testimony. Defendant contends that he was prejudiced by being required to proceed without having such witness present in person.

It had long been the practice in this State to deny a motion for continuance, based upon the absence of a witness, when the opposite party admitted that such witness, if present, would testify to the facts set forth in the affidavit supporting such motion; *American Car & Foundry Co. v. Hill,* 226 Ill. 227; *Graff v. Brown,* 85

Ill. 89. Rule 14, supplementing the Civil Practice Act [Ill. Rev. Stat. 1937, ch. 110, § 259.14; Jones Ill. Stats. Ann. 105.14], provides that the court may grant the continuance even when the opposite party admits that the witness, if present, would so testify, "for the furtherance of justice." This leaves the matter in the discretion of the trial judge, whose action will not be disturbed unless it appears that there has been an abuse of judgment. We do not think the record discloses any failure of discretion on the part of the court in denying the continuance.

The complaint charged that defendant was driving the truck at the time of the occurrence in question, while the proof is that it was being operated by his servant, and that defendant was not present. He insists that the proof thus fails to sustain plaintiffs' allegation that defendant was driving the truck.

For the reasons stated in *Rich v. Albrecht,* 300 Ill. App. 493, in which opinion is filed this day, we are of opinion that the allegations that defendant was driving the car are sustained by proof that it was then being operated by his servant.

Defendant further asserts that there was a variance between averments of the complaint and the testimony, the allegation being that "the defendant, Fred R. Hendricks, doing business as Hendricks Trucking Company," was driving, etc., the truck in question, whereas the proof discloses that it was the truck of Fred R. Hendricks, and that there is no evidence that he was doing business as "Hendricks Trucking Company."

In *Pennsylvania Co. v. Sloan,* 125 Ill. 72, the court held: "The law undoubtedly is that, where the real party in interest and the one intended to be sued is actually served with process in the cause, even though under a wrong name, he must take advantage of the misnomer by plea in abatement in such suit, and if he does not, he will be concluded by the judgment or decree rendered the same as if he were described by his

true name." And to the same effect are, *Springfield Consolidated Ry. Co. v. Hoeffner,* 175 Ill. 634; *Pond v. Ennis,* 69 Ill. 341; *Ferenc v. Shaw Auto Livery Co.,* 210 Ill. App. 340.

Here there is no question but that Fred R. Hendricks was the real party in interest and the one whom plaintiffs intended to sue. He was personally served with summons on March 29, 1938, and if sued by a wrong name was obligated to plead such fact in abatement, otherwise be bound by the judgment rendered. There was no variance for this reason.

Lastly, it is claimed that the trial judge erred in certain rulings on evidence. We have considered same and are of opinion that no error was thereby committed.

We find no reversible error in the record and the judgments will be affirmed.

*Judgments affirmed.*