## Bert Moudy, Appellee, v. New York, Chicago and St. Louis Railroad Company, Appellant.

### Gen. No. 9,352.

156

Opinion filed October 29, 1942. Rehearing denied February 2, 1943.

THOMPSON & MARTENSEN, of Paxton, and POPE & DRIEMEYER, of East St. Louis, for appellant.

S. H. DILKS and R. L. SCHNEIDER, both of Paxton, for appellee.

MR. JUSTICE DADY delivered the opinion of the court.

Plaintiff obtained a verdict and judgment for $5,000 for injuries resulting from a collision between his automobile and defendant's passenger train. Defendant appeals.

The charges of negligence were that defendant negligently permitted weeds and shrubs to grow on its right of way so that plaintiff in approaching the crossing in question was unable to see the approaching train, and that defendant ran its train on the crossing without blowing a whistle or sounding a bell as required by statute.

The first contention of the defendant is that the trial court erred in refusing to direct a verdict for the defendant at the close of all of the evidence on the ground that the evidence shows plaintiff was guilty of contributory negligence which proximately caused his injuries.

In passing on a motion for a directed verdict it is not within the province of the trial judge to weigh the evidence and ascertain where the preponderance is. (*Frazer v. Howe,* 106 Ill. 563.) Whether a plaintiff

was exercising reasonable care or was guilty of contributory negligence becomes a question of law only when the evidence is so clearly insufficient to establish due care that all reasonable minds would reach the conclusion that there was contributory negligence. A motion to direct a verdict for the defendant preserves for review only a question of law whether from the evidence in favor of the plaintiff, standing alone, and when considered to be true, together with the inferences which may legitimately be drawn therefrom, the jury might reasonably have found for the plaintiff. (*Ziraldo v. W. L. Lynch Co.*, 365 Ill. 197.) When there is any evidence before the jury which taken with its reasonable inferences in its aspect most favorable to the plaintiff tends to show the use of due care, the question of due care is one for the jury. Whether there is any such evidence is a question of law. (*Dee v. City of Peru*, 343 Ill. 36.)

In *Chicago, B. & Q. R. Co. v. Pollock*, 195 Ill. 156, 163, the court said: ''What is required of one approaching a railroad track depends upon the circumstances of each case. Courts are not at liberty to say, as a, matter of law, that one must conduct himself in a particular manner and observe a certain line of conduct in each case and under all conditions. Negligence does not become a question of law, alone, unless the acts constituting it are of such a character that all reasonable men would concur in pronouncing them so. Human conduct must be judged by human standards.''

In passing on such contention of defendant, we will therefore state only the undisputed facts and the facts most favorable to the plaintiff.

Plaintiff, aged 60 years, testified he thought his hearing was normal. There was no testimony as to his eyesight being other than normal.

On October 11, 1939, between eight and nine a. m. he was driving a Ford sedan northerly on highway

No. 115. The only other occupant of the automobile was killed in the accident. The sun was shining and the concrete pavement was dry.

Highway No. 115 ran north and south. The tracks of defendant ran east and west and across the highway at apparently right angles. While crossing such tracks plaintiff's automobile was struck by or collided with a west bound train of defendant, the speed of the train being about 60 miles per hour, and the point of contact being at or about the left side of the cowcatcher on the locomotive.

Plaintiff had previously driven over the crossing many times but testified he did not previously know of obstructions to the view. He knew trains ran on the tracks and he knew about the morning passenger train, but did not know it was due at about that time.

There was evidence tending to show that on the southerly side of the right of way of the defendant there were weeds from five to six feet in height, that immediately south of the right of way there was a raise in the elevation of the ground, that there was growing thereon a field of standing corn, and such raise in the land and the weeds and corn obstructed the view of the plaintiff.

Plaintiff testified he had had his brakes examined and tightened three days prior to the accident, that they were in excellent condition, and that he did not hear any bell or whistle and none was sounded.

A witness for plaintiff testified that he arrived at the place of the accident shortly after the accident and that there was a skid mark on the pavement caused by the left tire of the car, showing a car had slid about 60 feet, the tire crossing the center of the pavement about the time it reached the railroad tracks.

There was testimony to the effect that one skid mark, instead of two, on a pavement indicates that the brake on only one side was taking hold, and that the brake on the other side was not taking hold.

There were apparent inconsistencies in the testimony of the plaintiff, but construing his testimony most favorably to him, when about 300 to 500 feet south of the tracks he looked and listened; he looked and listened continuously from then on; when about 100 to 150 feet south of the crossing he decreased his speed from 30 to 12 or 15 miles per hour; in order to then get across the tracks "immediately," he then increased his speed to about 22 to 25 miles per hour; while driving at 22 to 25 miles per hour he first heard but did not see the train when he was about 60 feet from the crossing, and he then immediately applied his brakes "with all his might" but the car then slid or skidded 60 feet further and was still moving when struck by the train, and he first saw the train when about 20 feet from the tracks.

Assuming as true the testimony with reference to the brakes being repaired, with reference to the application of the brakes by the plaintiff, and with reference to the one skid mark, plaintiff was driving a car with brakes that were apparently defective, yet such evidence tended to prove that the plaintiff had used reasonable care to have his car provided with reasonably good brakes, to prove that he had used reasonable care in the application of the brakes, and to prove that he had reasonable grounds to believe and did believe he had good brakes.

Although the plaintiff testified it would take 100 to 120 feet to stop his car at a speed of 20 to 25 miles per hour on a dry pavement with his brakes in good condition, and that he could not under such conditions stop a car within 15 to 20 feet, this was a mere expression of opinion, he was not bound by such testimony, and the jury was not bound to believe such testimony, but could rely on their own common knowledge. In *Grubb v. Illinois Terminal Co.*, 366 Ill. 330, 334, the court said: "It is a matter of common knowledge that a small automobile of the type here involved, when go-

ing at the rate of twenty miles an hour with brake mechanism in good condition, can be stopped within a few feet.''

Assuming plaintiff's testimony as true, when 60 feet from the track he was listening and heard the train and at once used every effort to stop his car. He was then going at such a rate of speed, 22 to 25 miles per hour, that the jury would have been justified in believing that if his brakes had worked properly he could have stopped the car in much less than such 60 feet, but that the brakes failed to work through no negligence of the plaintiff.

We are of the opinion there was nothing in the evidence which would have warranted the trial court in finding, as a matter of law, that the plaintiff was not in the exercise of due care or was guilty of contributory negligence at or just prior to the time of the accident. The court therefore did not err in denying the motion for a directed verdict.

For the same reasons, the court properly denied defendant's motion for a judgment notwithstanding the verdict.

The overruling of defendant's motion for a new trial is next assigned as error.

Defendant contends that the verdict was against the manifest weight of the evidence. There was a sharp conflict in the evidence as to whether or not the defendant negligently permitted weeds and shrubs to grow on the right of way, as to whether or not the plaintiff's view was obstructed and as to whether or not a bell or whistle was sounded. We have carefully examined the evidence and cannot say that on any of these questions the verdict is manifestly against the weight of the evidence. Where there is a contrariety of evidence and the testimony by fair and reasonable intendment will authorize the verdict, even though it may be supported by a lesser number of witnesses, a court of review will not set it aside. (*Carney v.*

*Sheedy,* 295 Ill. 78.) Where a fair question of fact is raised by the proof this court has consistently held that the jury finding will not be set aside as against the manifest weight of the evidence. (*Summers v. Hendricks,* 300 Ill. App. 498.)

Defendant contends that the trial court erred in giving certain instructions at the request of the plaintiff. It is said that instruction No. 4 limited the time in which the plaintiff was required to exercise care for his own safety to the time ''while crossing the defendant's railroad,'' without regard to plaintiff's conduct prior to the time the crossing was reached. The exact language of the instruction was that if the jury believed from the evidence a certain state of facts and that ''the plaintiff was injured . . . while crossing the defendant's railroad, and while he was in the exercise of ordinary care for his own safety, . . . . '' We do not believe this instruction is subject to this criticism, and we do not believe that it in any way misled or misinformed the jury. Moreover instructions are to be considered as a series. (*McClure v. Hoopeston Gas & Electric Co.,* 303 Ill. 89; *Beidler v. King,* 209 Ill. 302.) Plaintiff's instruction No. 11 fully informed the jury that ''ordinary care'' and ''due care,'' as mentioned in the instructions, ''is that degree of care which an ordinarily prudent person would exercise under the same or similar circumstances as shown by the evidence in this case, at and immediately prior to the collision in question.''

Plaintiff's instructions Nos. 5 and 6 are also complained of, but we find no merit in the criticisms.

The judgment of the trial court is affirmed.

*Affirmed.*