## Supergear Drive Corporation, Appellant, v. Hollister-Whitney Company, Appellee.

### Gen. No. 9,464.

Heard in this court at the October term, 1945. Opinion filed October 23, 1945. Rehearing denied February 5, 1946. Released for publication February 5, 1946.

HAROLD A. FEIN, of Chicago, and JOHN T. INGHRAM, of Quincy, for appellant; GEORGE A. GORDON, of Chicago, of counsel.

EMMONS & EMMONS and WILSON & SCHMIEDESKAMP, all of Quincy, for appellee.

MR. PRESIDING JUSTICE HAYES delivered the opinion of the court.

The plaintiff, Supergear Drive Corporation, brought action against the defendant, Hollister-Whitney Company, a corporation, in the circuit court of Adams county to recover damages for breach of contract, upon the defendant's failure to machine and deliver certain forgings. The case was tried by the court without a jury, and at the conclusion of plaintiff's evidence the court entered a judgment for the defendant from which this appeal is taken.

The complaint alleges; that the plaintiff and the defendant entered into a contract whereby the defendant agreed to machine 3,614 parts at the price of $1.68½ each; that the defendant completed 100 of the parts and delivered them and was paid by the plaintiff at the rate of $1.68½; that then the defendant informed the plaintiff that it would have to have $3.90 per part instead of $1.68½, which increase the plaintiff refused

to pay, and thereupon the defendant refused to deliver to the plaintiff the balance of the machine parts. It further alleges that the defendant had knowledge that plaintiff had contracted to deliver said parts to a third party for $2.92 per part, and that plaintiff suffered damages in the sum of $4,339.29.

Defendant in its amended answer admits the making of the contract and denies the other allegations of the complaint.

It appears from the evidence that the Solar Aircraft Company of San Diego, California contracted with the plaintiff for the machining of the forgings in question, at the price of $2.92. The forgings were to be furnished in the first instance by the Aircraft Company. The plaintiff in turn subcontracted the work to the defendant who had a plant located at Quincy, Illinois at the agreed price of $1.68½; that the defendant had knowledge of the contract existing between the plaintiff and the Aircraft Company and that on July 20, 1943, defendant wrote a letter to the plaintiff in which it informed the plaintiff that it would not complete the machining of the forgings unless the plaintiff would pay $3.90 instead of the contract price of $1.68½ for each part. It further appears that several weeks had been taken in special tooling for the job and that the tools were in the possession of the defendant; that the plaintiff on getting the letter of July 20 from the defendant informed the Aircraft Company of defendant's refusal to perform without an increase in price; that about the same time the defendant got in communication with the Aircraft Company for a contract of its own on this work; that on July 27 the defendant offered the Aircraft Company a price of $3.90 for machining the forgings and requested a confirming order after cancellation with the Supergear Drive Corporation. It then appears that the Aircraft Company immediately cancelled the contract with the plaintiff and made a contract direct with the defendant.

■ ■ The question involved in this appeal is, "Did the plaintiff at the close of plaintiff's evidence drawing all the inferences most favorable to the plaintiff establish a prima facie case?" The question of law presented on a motion to direct a verdict is whether when all the evidence is considered together with all reasonable inferences drawn from it in its most favorable aspect to the party against whom the motion is directed there is a total failure to prove one or more necessary elements of the case? *Foreman-State Trust & Savings Bank v. Demeter,* 347 Ill. 72; *Moudy v. New York, C. & St. L. R. Co.,* 317 Ill. App. 154. It is also the law that where there is such uncertainty arising from the evidence that fair-minded men may honestly draw different conclusions that it then ceases to be a question of law, but one of fact to be settled by the weighing of the evidence either by a jury or by the court. *Plodzien v. Segool,* 314 Ill. App. 40; *Turner v. Cummings,* 319 Ill. App. 225.

■ It was incumbent upon the plaintiff in establishing a prima facie case to prove the existence of the contract, the breach of the same, and the resulting damages.

From the documentary evidence in the record, also by the admission in the pleadings the existence of the contract is established.

Defendant's letter, under date of July 20, states: "we must have $3.90 per piece or we see no alternative than to stop the work on this order . . . we simply cannot make them at the price we originally quoted." This language can hardly be construed other than a breach, particularly when the defendant makes a direct contract with the Aircraft Company for the same work at $3.90 per piece rather than $1.68½ as the original contract provided. The evidence further shows that Mr. Hollister, one of the executives of the defendant, stated to the plaintiff over the telephone that he must have a price of $3.90, and if he did not

get that price he would not turn a stick of work on the job.

The other element remaining in plaintiff's prima facie case is damages, and it appears from the evidence that the contract provided for the machining to be done at $1.68½ and the plaintiff was getting $2.92 for each part. It definitely appears that by breach of the contract plaintiff lost $1.23½ per part. These parts were made for a specific purpose and could not have a market value.

Where it was known at the time the contract was entered into that the goods were being bought for resale in a particular market, the buyer, on failure of the seller to deliver, may recover the expected profit. *Carpenter v. First Nat. Bank,* 119 Ill. 352; *Lapp v. Illinois Watch Co.,* 104 Ill. App. 255; *Meyer, Hess & Co. v. Way,* 187 Ill. App. 67; *Black Diamond Fuel Co. v. Illinois Fuel and Phosphate Co.,* 219 Ill. App. 150. In *Carpenter v. First Nat. Bank, supra,* it is stated: "The general rule is, that the purchaser is entitled to recover the difference between the contract price and the value of the article in the market at the time and place of delivery. (*Messmore v. Lead Co.,* 40 N. Y. 427.) This rule, however, is changed, where the vendor knows, that the purchaser has an existing contract for a resale at an advanced price, and that the purchase is made to fulfill such contract, and the vendor agrees to supply the article to enable him to fulfill the same, because those profits, which would accrue to the purchaser upon fulfilling the contract of resale, may justly be said to have entered into the contemplation of the parties in making the contract."

It appears the damages shown are in no way speculative, contingent or uncertain. They can be determined with definiteness and certainty. The evidence in the case shows the plaintiff was in no position to mitigate the damages for the reason that immediately after the breach of the contract by the defendant, the

Aircraft Company cancelled plaintiff's contract with them; that the special tools were in the possession of the defendant who refused to surrender them and that it would take eight weeks to make another set so that the plaintiff had no opportunity to go elsewhere to have the work done in view of the length of time between the refusal of the defendant to perform and the cancellation of its contract by the Solar Aircraft Company.

Defendant urged in support of the judgment entered in the court below that the plaintiff upon receiving its letter tried to prevail on the defendant to proceed and finish the contract and offered to sacrifice some of its profit and therefore as a legal proposition it did not treat the contract as breached, but it appears from the evidence that attorney for the plaintiff immediately wrote the defendant demanding payment of the $1.23½ per part on the whole order and stated that if payment was not immediately made that suit would be instituted to recover the same, and the plaintiff would institute the suit based on the breach. In the interim the defendant had made the contract directly with the Solar Aircraft Company which made it impossible for plaintiff to continue the performance of its contract with the defendant.

For the reasons herein expressed we are compelled to hold the trial court improperly allowed the motion at the end of plaintiff's case for a finding in favor of the defendant and in dismissing plaintiff's complaint. We also hold that the court improperly entered judgment on the cross complaint without a full hearing on the merits. Therefore, the judgment against the plaintiff is hereby reversed, also the judgment in favor of the defendant is reversed and cause remanded to the trial court for trial on the merits of both issues.

*Reversed and remanded.*