340    APPELLATE COURTS OF ILLINOIS.

Ferenc v. Walden W. Shaw Auto Livery Co., 210 Ill. App. 340.

# Bertha Ferenc, Plaintiff in Error, v. Walden W. Shaw Auto Livery Company, Defendant in Error.

## Gen. No. 23,546.

1. PARTIES, § 31*—*when amendment substituting corrected name of defendant is not substitution of new defendant.* Where suit is brought against and service had upon the right defendant, but by a wrong name, an amendment substituting defendant's correct name wherever the incorrect name appears in the title of the cause, the process and the pleadings, does not amount to substituting a new defendant.

2. PARTIES, § 39*—*when error to refuse to allow amendment by substituting name of new corporation in place of old as defendant.* Where a corporation operating automobiles sold its assets and good will to its stockholders, subject to existing liabilities, and these stockholders, together with others, form a new corporation which continues the business, though the latter, while not active in business, did not dissolve, but maintained its office with those of the new company, and one injured by an automobile operated by the new company brought suit, naming the old company as defendant, process being served upon one who, at the time, was an agent of the new company but had been an agent of the old up to the time of the sale of the assets, and these facts are disclosed at the trial, the case constitutes one of a suit against a right defendant by a wrong name, and it is error to refuse to permit plaintiff to amend by substituting the name of the new company for that of the old.

3. PARTIES, § 39*—*how misnomer of defendant must be taken advantage of.* Where the real party in interest and the one intended to be sued is actually served, but under a wrong name, he must take advantage of the misnomer by a plea in abatement, or he will be concluded by the judgment or decree therein as though he were described by his true name.

Error to the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Reversed and remanded. Opinion filed April 24, 1918.

C. HELMER JOHNSON, for plaintiff in error; ARTHUR H. CHETLAIN, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

D'ANCONA & PFLAUM, for defendant in error.

MR. JUSTICE THOMSON delivered the opinion of the court.

This was an action on the case brought by Bertha Ferenc, the plaintiff, in which she sought to recover damages for personal injuries alleged to have been suffered by her owing to the negligence of one of the servants of the defendant corporation in driving an automobile owned by the defendant. The defendant filed a plea of not guilty and also a special plea of nonownership. During the trial of the case it developed that the Walden W. Shaw Auto Livery Company was a corporation organized under the laws of the State of Illinois in 1908, and operated an automobile and taxicab business in Chicago until the summer of 1910. In September of that year, the Walden W. Shaw Livery Company was organized as a Maine corporation and took out an Illinois license and proceeded to conduct an automobile livery business for public hire in the City of Chicago. At that time the Walden W. Shaw Auto Livery Company sold all of its assets, including the good will of its business, to its stockholders subject to existing liabilities, and these stockholders, together with other automobile taxicab interests, formed the new company. The Walden W. Shaw Auto Livery Company ceased doing an active business but did not dissolve and continued to maintain its corporate existence. The business offices and garage of the Walden W. Shaw Livery Company were on Wabash avenue in the City of Chicago and the office of the Walden W. Shaw Auto Livery Company was maintained at the same place.

The accident complained of occurred on December 22, 1913. When the facts which have been stated were disclosed at the trial, the plaintiff moved the court to amend all papers and proceedings in the case by crossing out the word "Auto" from the name of the defend-

ant wherever that name appeared in the title of the cause and in the process and the pleadings. This motion was denied by the court.

It was admitted that the automobile causing the injury complained of in the declaration was at the time of the injury owned and being operated by the Walden W. Shaw Livery Company, and that service of process was had upon one C. J. West, who was one of the agents of the Walden W. Shaw Livery Company at the time of the service of the summons in this case. The plaintiff offered to prove that she was injured in the way set out in the declaration by an automobile owned by the Walden W. Shaw Livery Company, through the negligence of one of its employees, while in the exercise of due and ordinary care for her own safety, and that she suffered the damages alleged as a result of her injuries. The defendant objected to that evidence and the court sustained the objection. Thereupon the court directed the jury to find the defendant not guilty. Verdict and judgment to that effect followed. From that judgment the plaintiff has appealed.

The plaintiff contends that the court erred in both of the rulings referred to. In the view we take of this case, the vital question is, Who was served with the summons in this cause, the Walden W. Shaw Auto Livery Company or the Walden W. Shaw Livery Company? From the agreed statement of facts appearing in the record, we are led to the inevitable conclusion that the service was not had upon the Auto Livery Company, but upon the Livery Company. In stating the facts, counsel for the defendant said that C. J. West had been an employee of the Auto Livery Company from the time of its organization until it ceased conducting an active business, whereupon he became an employee of the Livery Company, and continued such from the time of its organization down to and including the time of the claim made in the declaration

in this suit. It also appears from the statement of the trial court that the service of process in the case at bar was had upon C. J. West, who was one of the agents of the Walden W. Shaw Livery Company at the time of the service. We, therefore, have here a clear case of a suit brought against and service had upon the right defendant by the wrong name, and the amendment sought to be made by the plaintiff would not have amounted to substituting one defendant for another as it would have been if the service had been had on the Walden W. Shaw Auto Livery Company.

As was stated by our Supreme Court in *Pennsylvania Co. v. Sloan,* 125 Ill. 72, at page 77: "The law undoubtedly is that where the real party in interest and the one intended to be sued is actually served with process in the cause, even though under a wrong name, he must take advantage of the misnomer by plea in abatement in such suit; and, if he does not, he will be concluded by the judgment or decree rendered the same as though he were described by his true name." Citing *Pond v. Ennis,* 69 Ill. 341. The case of *Proctor v. Wells Bros. Co. of New York,* 262 Ill. 77, has been cited by both sides of this case in support of their respective positions. In that case the plaintiff was an employee of the Wells Brothers Company of New York and was injured in connection with his employment. He began an action against "Wells Brothers Company, a corporation" and a summons was issued and served upon that company. The defendant, which was an Illinois corporation, filed a plea of the general issue and another averring that it was not then and there in possession or control of the premises, property, machinery, appliances or persons as alleged in the declaration. Later an order was entered for the amendment of all proceedings and papers in the case by changing the title of the defendant to "Wells Brothers Company of New York, a corporation." An *alias* summons was issued against that company. This

summons was served and the suit was dismissed as to the original defendant. The new defendant filed a plea of the general issue and also several pleas setting up the statute of limitations. Replies were made to these pleas and the trial was had resulting in a judgment for the plaintiff. This court reversed the judgment of the trial court and held that the latter should have instructed the jury to find for the defendant because the action had been barred by the statute of limitations.

On appeal to the Supreme Court, the judgment of this court [181 Ill. App. 468] was affirmed. In its opinion, the Supreme Court comments on the fact that the person upon whom the original summons was served was secretary of the Wells Brothers Company, but was not an officer or agent of Wells Brothers Company of New York, and that the two corporations were conducted as distinct and separate companies. On page 81 the court says that if the plaintiff had actually begun his suit against the defendant Wells Brothers Company of New York by the name of Wells Brothers Company only, and had he caused the summons to be served on an officer or agent of the Wells Brothers Company of New York, the amendment of the name from Wells Brothers Company (as the suit was originally brought) to Wells Brothers Company of New York would not have affected the plaintiff's right to proceed to judgment; or, if the cause had gone to judgment without the amendment, the defendant Wells Brothers Company of New York would have been bound by the judgment. The court proceeds to say: "Where the real party in interest and the one intended to be sued is actually served with process in the cause, even though under a wrong name, he must take advantage of the misnomer by plea in abatement in such suit, and, if he does not, he will be concluded by the judgment or decree rendered, the same as if he were described by his true name."

We do not deem it necessary to take up the other assignment of error. For the reasons indicated, the trial court erred in denying the plaintiff's motion for leave to amend, and the judgment of the trial court will therefore be reversed and the cause will be remanded to the Superior Court for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*