In the Matter of Estate of John N. Schafer, Deceased. Leona Schafer, Appellant, v. Fred Johnson, Administrator with Will Annexed of Estate of John N. Schafer, Deceased, Elizabeth Siegert and William J. Schafer, Appellees.

### Gen. No. 9,780.

Opinion filed November 6, 1951. Released for publication December 3, 1951.

HERSHEY & BLISS, of Taylorville, for appellant.

JOE P. LONGWELL, of Pana, for certain appellee; CARL H. PREIHS, of Pana, for certain other appellees.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

On April 7th, 1948, claimant Leona Schafer, filed her claim in the county court of Christian county, against the estate of Charles Schafer, deceased. The county clerk docketed same in the estate of John N. Schafer, deceased, who the record shows was the father of Leona Schafer, the claimant.

On May 3rd, 1948, Fred Johnson, administrator with will annexed of the estate of John N. Schafer, deceased, filed proof of notice of adjustment of claims against the estate of John N. Schafer, deceased, and in said proof, the claim of Leona Schafer was duly set out.

On September 3rd, 1948, John J. Schafer filed his objection to allowance of the claim of his sister Leona Schafer, in the estate of John N. Schafer, deceased, although the objection is in the name of John M. Schafer, deceased.

On September 4th, 1948, Threasa Schafer filed her objection to allowance of the claim of her sister Leona Schafer, in the estate of John N. Schafer, deceased, although the objection is again in the name or the estate named is John M. Schafer, deceased.

On September 21, 1948, Leona Schafer filed her request for a trial by jury of the issues of fact in respect to the claim filed by her, and the caption of this request for jury is "In the matter of the Estate of John N. Schafer, Deceased."

609

On February 3rd, 1949, Fred Johnson, administrator with will annexed, of the estate of John N. Schafer, deceased, filed his objection to the claim of Leona Schafer in its entirety, setting forth grounds for said objection, and moving to disallow the claim.

On August 23rd, 1949, Elizabeth Siegert and William J. Schafer, filed their limited motion to strike the claim of Leona Schafer from the files, and to expunge the records of any claim of Leona Schafer against the estate of John N. Schafer, and for grounds set forth that no claim had ever been filed against the estate of John N. Schafer, deceased.

On September 3rd, 1949, Leona Schafer, filed her motion to strike the motion of the said Elizabeth Siegert and William J. Schafer, and on the same day filed her motion to amend the claim by striking the name "Charles" from the claim and substituting "John N." and for substitution of the name of "John N." in all records in connection with said claim.

The county court in its order of December 27th, 1949, found that Leona Schafer did, on April 7th, 1948, file her claim against the estate of John N. Schafer, deceased, but that said claim was improperly made out in that in lieu of the name "John N.," the word "Charles" was inserted but that the claim was in fact filed against the estate of John N. Schafer, deceased, and was so noted on the claim docket. The county court allowed the name "Charles" to be stricken and the name "John N." inserted in lieu of the said name "Charles" and the county court by its order of December 27th, 1949 denied the motion by Elizabeth Siegert and William J. Schafer to strike the claim from the files and from the claim docket and allowed the amendment of the claim.

From this finding of the county court, Elizabeth Siegert, William J. Schafer, and Fred Johnson, as ad-

610

ministrator with will annexed, appealed to the circuit court of Christian county.

The circuit court of Christian county, on December 1st, 1950, reversed the findings and order of the county court, and allowed the motion to dismiss by Elizabeth Siegert and William J. Schafer, ordered the claim of Leona Schafer stricken from the files of the estate of John N. Schafer, deceased, and ordered that all matters appearing upon the claim docket of the county court appertaining to the claim of Leona Schafer against the estate of John N. Schafer, deceased, be expunged, and that the motion to strike by Leona Schafer be denied. From the findings and decree of the circuit court, Leona Schafer has appealed to this court.

There is no dispute as to the facts in this case. The only question presented to this court, is the question of whether or not a county court, after the running of the statute of limitations, may permit a claimant to amend her complaint to speak the truth.

If the original claim as made by Leona Schafer was merely a misnomer, and the estate of John N. Schafer was the estate the claimant intended to file her claim against, then the estate of John N. Schafer, deceased, is the real party in interest, and even though the name was wrong, as in this case, where the name ''Charles'' instead of ''John N.'' appears, in the opinion of this court, this was a misnomer, and can be amended.

It must be conceded that Leona Schafer was the daughter of John N. Schafer, deceased. The defendants, Elizabeth Siegert and William J. Schafer were also children of John N. Schafer, deceased, and the claimant Leona Schafer was their sister. The other objectors, who did not appeal, John J. Schafer and Threasa Schafer, were also children of the said John N. Schafer, deceased. There does not appear to have been in existence any Charles Schafer, and there is

611

nothing in the record to indicate that such a person ever existed, so there can be no reasonable doubt that Leona Schafer intended to file her claim against the estate of John N. Schafer. There can be no reasonable doubt that the estate of John N. Schafer, deceased, was the real party in interest and the one intended to be sued. In the case of *Pennsylvania Co. v. Sloan,* 125 Ill. 72, at page 77, which is cited with approval by *Ferenc v. Walden W. Shaw Auto Livery Co.,* 210 Ill. App. 340, the court said: ''The law undoubtedly is that, where the real party in interest and the one intended to be sued is actually served with process in the cause, even though under a wrong name, he must take advantage of the misnomer by plea in abatement in such suit.'' See also *Fitzpatrick v. Pitcairn,* 371 Ill. 203, at page 208.

The administrator with will annexed, and John J. Schafer and Threasa Schafer recognized by their motions that the real party in interest was the estate of John N. Schafer, deceased. The administrator with will annexed, who was the legal representative of the estate, contested the allowance of the claim on the ground that the claimant was a daughter of the deceased, and that a family relation existed and that there was no contract for payment, express or implied.

In other words, these three objectors, by their pleadings admitted in effect that the claim was against the estate of their father John N. Schafer, deceased, and that their father's estate was the real party in interest.

 So this court must conclude that the name ''Charles'' instead of ''John N.'' was at the most a misnomer. Acting under that conclusion, there is ample authority to sustain the action of the county court in allowing the amendment of the claim. Paragraph 145 of chapter 110, Illinois Revised Statutes [1949] [Jones Ill. Stats. Ann. 104.021], says that misnomer of parties plaintiff or defendant shall not

be grounds for abatement, but the names of any parties may be corrected at any time, before or after judgment on motion upon such terms and proof as the court shall require. Chapter 110, paragraph 170 of Illinois Revised Statutes [1949] [Jones Ill. Stats. Ann. 104.046] provides: "At any time before final judgment in a civil action, amendments may be allowed on such terms as are just and reasonable, introducing any party who ought to have been joined as plaintiff or defendant, discontinuing as to any plaintiff or defendant, changing the cause of action or defense or adding new causes of action or defenses, *and in any matter, . . . pleading or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought,* or the defendant to make a defense or assert a cross demand."

██ ██ The Civil Practice Act applies to proceedings under the Probate Act. It is the policy of the law of this State that the courts be liberal in allowing amendments to pleadings made in the furtherance of justice. To hold that Leona Schafer be barred from prosecuting her claim against the estate of her father John N. Schafer, because of the running of the statute of limitations, cannot be sustained in the light of the facts in this case. To hold otherwise would be to deny her her day in court.

The judgment of the circuit court is reversed, and the judgment of the county court is affirmed, with instructions that the cause be remanded to the county court, for hearing on the claim of Leona Schafer.

*Reversed and remanded.*