970

Opinion filed June 18, 1980.

Donald E. Casey and Edward M. Springer, both of Springer & Casey, of Chicago, for appellant.

Robert I. Briskman, of Torme, Horwich and Briskman, of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

A claim was brought in the probate division of the circuit court of Cook County against the estate of Earl E. Howe, deceased. The claim was filed on behalf of and in the name of a law partnership, Horton, Davis & McCaleb, and was signed by a surviving member of the firm. The claim was for the balance due on an outstanding bill for legal services rendered to decedent by the claimant law firm. During a hearing on the claim, the trial court learned that claimant was not in existence and, after denying claimant's request to amend the claim on its face, dismissed the claim. Claimant appeals.

The claim recited that the claimant law partnership had rendered legal services on behalf of decedent during his lifetime; that decedent had acknowledged the debt and had paid part of it before his death. Claimant

alleged that the balance was $24,750.00. The claim was signed and verified by Malcolm McCaleb, who was described as a partner in the claimant law firm.

At the hearing, the trial court was informed that at least two partners of claimant had died and that the firm was not engaged in the practice of law. The court also learned that there were two successors to the claimant law firm. Counsel for the claimant informed the court:

"I am suing on behalf of the law firm that provided those services. The law firm does not any longer exist. My law firm is a successor to that law firm. We are paying the heirs of the deceased members of the claimant's law firm as accounts are received. There is no termination of legal obligation to collect and pay out to the heirs those fees of my successor law firm.

And the representations that were made about the claimant not being the firm that provided the services are utterly inaccurate, your Honor. I am only a lawyer for a law firm which has come into existence as a successor to the claimant law firm."

The court stated that since claimant was not in existence, it could not file a claim. The court would not permit claimant's counsel to amend the claim on its face, and granted the estate's oral motion to dismiss the claim.

Within 30 days, claimant filed a verified motion to vacate the order of dismissal. The motion, among other things, stated that claimant was an Illinois partnership which was in dissolution but had not been terminated. The motion also set forth the authority of Malcolm McCaleb as a surviving partner to collect debts and process the claim. The estate filed a motion to strike claimant's motion, stating, among other things, that Horton and Davis had died; and that their estates had been closed without partnership inventories having been filed. The trial court denied claimant's motion to vacate the order dismissing the claim.

Claimant contends that the trial court erred in dismissing the partnership's claim based upon an asserted lack of legal existence. Claimant maintains that in dismissing the claim the court failed to perceive the distinction between dissolution and termination of a partnership.

Section 29 of the Uniform Partnership Act provides as follows:

"The dissolution of a partnership is the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from the winding up of the business." (Ill. Rev. Stat. 1977, ch. 106½, par. 29.)

Section 30 of the Act sets forth the effect of dissolution:

"On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed." Ill. Rev. Stat. 1977, ch. 106½, par. 30.

In *Englestein v. Mackie* (1962), 35 Ill. App. 2d 276, 288-89, 182 N.E.2d 351, this court explained the difference between "dissolution" and "termination":

> "The terms 'dissolution' and 'termination,' as employed in the Partnership Act are not synonyms and, as used, have different meanings. Dissolution does not terminate the partnership and does not end completely the authority of the partners. The order of events is: (1) dissolution; (2) winding up; and (3) termination. Termination extinguishes their authority. It is the ultimate result of the winding up and occurs at the conclusion of the wind up. [Citations.]"

Thus a dissolved partnership has legal existence. It is apparent that the claimant partnership had not terminated its existence but had dissolved and was in the process of winding up its affairs. Part of the winding up includes collection of debts owed the partnership. The filing of this claim itself and the aforementioned remarks of claimant's counsel to the trial court indicate that the claimant was in the process of winding up its affairs by attempting to collect an amount due for legal services rendered to decedent. The trial court erred in dismissing the claim.

The claim was filed by a surviving partner of claimant and was accompanied by his affidavit. We reject the estate's argument that the claim was defective because the partnership did not sue in the name of each individual partner. It has been long established that formal or regular pleadings are not required in presenting a claim. (*Thomson v. Black* (1902), 200 Ill. 465, 65 N.E. 1092.) Errors in designation of parties in claims against estates are, at most, misnomers and can be corrected by amendment. (*In re Estate of Schafer* (1951), 344 Ill. App. 608, 101 N.E.2d 853.) In any case, the misnomer of a party is not grounds for dismissal. *Sjostrom v. McMurray* (1977), 47 Ill. App. 3d 1040, 362 N.E.2d 744; *Calvert Distillers Co. v. Vesolowski* (1973), 14 Ill. App. 3d 634, 303 N.E.2d 170.

For the reasons stated, the judgment of the circuit court of Cook County dismissing the claim is reversed, and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Reversed and remanded.

McGILLICUDDY, P. J., and RIZZI, J., concur.