CAROL J. ELLERBY, Plaintiff-Appellant, v. JOSEPH P. SPIEZER *et al.*, Defendants-Appellees.

Second District   No. 84—0963

Opinion filed October 25, 1985.—Rehearing denied December 10, 1985.

Carol J. Ellerby, of Spiezer, Thorsen & Ellerby, of Oregon, for appellant *pro se.*

Daniel J. Cain, of Sreenan & Cain, and Canfield & Thorsen, both of Rockford, for appellees.

JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Carol J. Ellerby (Ellerby), filed a complaint for an accounting in the circuit court of Winnebago County following dissolution of her law partnership with defendants, Joseph P. Spiezer (Spiezer) and Robert L. Thorsen (Thorsen). The parties' dispute concerns the distribution of profits from pending cases the partnership was handling on a contingent fee basis at the time of dissolution. The trial court ordered distribution of the profits as follows:

"1. Incentive bonus:

a. Fees less than $5,000—no bonus.

b. Fees $5,000 to $10,000—5% bonus to originating partners.

c. Fees $10,000 and over—7½% bonus to originating partners.

d. If more than one originating partner, said bonus shall be divided in equal shares between the originating partners.

2. Fifty percent of the balance of the fee after payment of the incentive bonus, if applicable, to the attorney or attorneys that complete the case.

3. The balance of the fee after disbursal under (1) and (2) above to be divided equally among the partners."

Ellerby appeals, contending the distribution ordered improperly differs from the distribution of profits mandated by the oral partnership agreement as it existed at the time of dissolution. Spiezer cross-appeals, arguing alternatively (1) the trial court's order is contrary to a provision of the oral partnership agreement concerning distribution of profits on dissolution, (2) the attorney handling a particular case was entitled to the total fee for that case less the value of services rendered prior to dissolution because the client chose to be represented by that attorney rather than the partnership after dissolution, and (3) the Uniform Partnership Act and *In re Estate of Barbera* (1973), 55 Ill. 2d 235, 302 N.E.2d 302, do not prohibit, and cases from other jurisdictions support, compensating a partner for work he or she performs in winding up the partnership's business. Thorsen argues that the trial court's order followed the partnership formula for distributing profits and was fair and equitable. We reverse and remand for a redetermination of the distribution of profits from the cases of the partnership being handled on a contingent fee basis.

■ Spiezer's contention on cross-appeal that the oral partnership agreement provided for distribution of profits after dissolution will be considered first. A portion of Spiezer's testimony is supportive of this contention; however, it was neither pled in Spiezer's answer nor ar-

gued to the trial court. On this issue Spiezer is the appellant. An appellant is not permitted to argue on appeal a defense not interposed by his answer, even where there is evidence which would support the defense. (*Downes Swimming Pool, Inc. v. North Shore National Bank* (1984), 124 Ill. App. 3d 457, 462, 464 N.E.2d 761, 764; *Consoer, Townsend & Associates v. Addis* (1962), 37 Ill. App. 2d 105, 110, 185 N.E.2d 97, 99.)

> "The issues are determined from the pleadings and the evidence. To have evidence without pleading an issue is just as fatal as pleading an issue and not supporting it with evidence. Both are essential and each must conform to the other." (*Consoer, Townsend & Associates v. Addis* (1962), 37 Ill. App. 2d 105, 110, 185 N.E.2d 97, 99, quoted in *Downes Swimming Pool, Inc. v. North Shore National Bank* (1984), 124 Ill. App. 3d 457, 462, 464 N.E.2d 761, 764-65.)

Accordingly, Spiezer's failure to plead it in his answer has waived his claim that a provision of the oral partnership agreement governed distribution of profits after dissolution.

The remaining issues reduce to the question of how, in the absence of an agreement on the subject, the post-dissolution profits from the contingent fee cases should be distributed. The answer to this question lies in the application of the Uniform Partnership Act to the facts of this case. *Resnick v. Kaplan* (1981), 49 Md. App. 499, 509, 434 A.2d 582, 588; see also *In re Estate of Barbera* (1973), 55 Ill. 2d 235 (on dissolution of law partnership caused by death of a partner, rights of surviving partner and estate of deceased partner to profits from contingent fee cases determined by applying Uniform Partnership Act).

■ The trial court found, and there was testimony indicating, that the parties dissolved their partnership by agreement on September 21, 1983. Spiezer argues that Ellerby caused the dissolution. Because the evidence did not establish a provision of the oral partnership agreement on the subject, it does not matter whether the dissolution was caused by Ellerby or by mutual consent of the parties, since either would have been a proper and effective method by which to dissolve the partnership. (Ill. Rev. Stat. 1983, ch. 106½, par. 31(1)(b); *Babray v. Carlino* (1971), 2 Ill. App. 3d 241, 251, 276 N.E.2d 435, 442.) Dissolution of the partnership did not terminate it; rather, the parties will remain partners until the winding up of their partnership affairs is completed. Ill. Rev. Stat. 1983, ch. 106½, par. 30; *Horton, Davis & McCaleb v. Howe* (1980), 85 Ill. App. 3d 970, 972, 407 N.E.2d 766, 767.

■ The law partnership's dissolution did not terminate its contractual relations with its clients. (*Saltzberg v. Fishman* (1984), 123 Ill. App. 3d 447, 454, 462 N.E.2d 901, 907.) Consequently, among the affairs of the partnership requiring winding up were the pending cases the partnership had agreed to handle on a contingent fee basis. (*Rosenfeld, Meyer & Susman v. Cohen* (1983), 146 Cal. App. 3d 200, 217, 194 Cal. Rptr. 180, 190; *Resnick v. Kaplan* (1981), 49 Md. App. 499, 507-08, 437 A.2d 582, 587; *In re Mondale & Johnson* (1968), 150 Mont. 534, 542, 437 P.2d 636, 641.) The fees from those cases were therefore assets of the partnership to be distributed in accordance with the provisions of the Uniform Partnership Act. *In re Estate of Barbera* (1973), 55 Ill. 2d 235, 237.

Spiezer argues that in the partnership contingent fee cases he was handling, the clients all discharged the partnership and retained Spiezer individually after dissolution. According to Spiezer, this entitled Spiezer to the entire fees from those cases less a partnership claim for the reasonable value of services rendered prior to dissolution. This result would be unsound.

It is true that a client has the right to discharge his attorney at will. (*La Rocco v. Bakwin* (1982), 108 Ill. App. 3d 723, 728, 439 N.E.2d 537, 541.) This, however, does not require the result Spiezer seeks. The clients of the partnership were free to be represented by any member of the dissolved partnership or by other attorneys of their choice. This right of the client is distinct from and does not conflict with the rights and duties of the partners between themselves with respect to profits from unfinished partnership business since, once the fee is paid to an attorney, it is of no concern to the client how the fee is distributed among the attorney and his partners. (*Jewel v. Boxer* (1984), 156 Cal. App. 3d 171, 177-78, 203 Cal. Rptr. 13, 17.) This does not result in improper fee splitting, as suggested by Spiezer, since, as we already noted, the partnership continues until the winding up of the partnership affairs has been completed, and it is perfectly proper for law partners to split fees among themselves. 87 Ill. 2d R. 2—107.

■ We are also unimpressed with Spiezer's contention that the clients in partnership contingent fee cases he was handling discharged the partnership and hired him individually. First, Spiezer's duty with regard to that unfinished business of the partnership was to wind it up and complete it for the partnership. (Ill. Rev. Stat. 1983, ch. 106½, pars. 30, 33, 35(1)(a); *Rosenfeld, Meyer & Susman v. Cohen* (1983), 146 Cal. App. 3d 200, 216-17, 194 Cal. Rptr. 180, 189-90; *Resnick v. Kaplan* (1981), 49 Md. App. 499, 507, 434 A.2d 582, 587;

*Frates v. Nichols* (Fla. App. 1964), 167 So. 2d 77, 80.) He was not entitled to take any action with respect to the unfinished business leading to purely personal gain, such as having the client discharge the partnership and hire him individually. (*Rosenfeld, Meyer & Susman v. Cohen* (1983), 146 Cal. App. 3d 200, 217, 194 Cal. Rptr. 180, 190; *Resnick v. Kaplan* (1981), 49 Md. App. 499, 507, 434 A.2d 582, 587; *Frates v. Nichols* (Fla. App. 1964), 167 So. 2d 77, 80.) Second, the holding Spiezer suggests would encourage partners of a law partnership facing dissolution to make attempts to convince clients with cases having the most lucrative potential to hire them individually and discharge the partnership. This sort of case-chasing by attorneys should not be encouraged. Moreover, it places the clients of the dissolved law partnership precisely where they should not be placed; in the middle of a dispute among the partners over money. For these reasons, the contingent fee cases pending at the time of dissolution continued to be partnership business after dissolution, and any fees from those cases are assets of the partnership.

■ Two additional subjects must be addressed before the Uniform Partnership Act may be applied to determine an appropriate formula for distributing the partnership's post-dissolution profits from the contingent fee cases. First, the partners completing those cases are not entitled to compensation for working on them. The Uniform Partnership Act is very clear on this point; unless the partners have agreed otherwise, "[n]o partner is entitled to remuneration for acting in the partnership business" with one, very limited, exception. (Ill. Rev. Stat. 1983, ch. 106½, par. 18(f).) The exception provides for reasonable compensation for the services of a surviving partner winding up the affairs of a partnership dissolved by the death of a partner. (Ill. Rev. Stat. 1983, ch. 106½, pars. 18(f), 31(4); *Chazan v. Most* (1962), 209 Cal. App. 2d 519, 523, 25 Cal. Rptr. 864, 867 (term "surviving partner" refers to partner who survives after death of the other); Black's Law Dictionary 1297 (5th ed. 1979) ("surviving" defined as: "Remaining alive. Living beyond the life of another or beyond the happening of some event so as to be entitled to a distribution of property or income").) Since dissolution of the partnership at bar was not caused by the death of a partner and since the partners had no agreement to provide compensation for winding up of the affairs of the partnership, the partners are not entitled to compensation for working on partnership business after dissolution. Courts of review in other States which have enacted the Uniform Partnership Act have considered this question in law partnership dissolution cases and have come to this same conclusion. (See, *e.g., Smith v. Daub* (1985),

219 Neb. 698, 365 N.W.2d 816; *Berkson v. Berryman* (1985), 62 Md. App. 79, 488 A.2d 504; *Resnick v. Kaplan* (1981), 49 Md. App. 499, 508, 434 A.2d 582, 587; *Jewel v. Boxer* (1984), 156 Cal. App. 3d 171, 176-77, 203 Cal. Rptr. 13, 17; *Platt v. Henderson* (1961), 227 Ore. 212, 233-34, 361 P.2d 73, 83.) There is a Texas case which holds to the contrary (*Cofer v. Hearne* (Tex. Civ. App. 1970), 459 S.W.2d 877, 880), however, that decision was plainly wrong (*Jewel v. Boxer* (1984), 156 Cal. App. 3d 171, 176, 203 Cal. Rptr. 13, 17) and we will not follow it. Therefore, the partners at bar may not receive extra compensation for working on the unfinished contingent fee cases.

■ Second, the partnership profits are not the entire amounts of the fees it earns. Liabilities owed to creditors other than partners; owed to partners other than for capital and profit; and owed to partners in respect of capital are all payable before distribution of profits. (Ill. Rev. Stat. 1983, ch. 106½, par. 40(b).) Among the liabilities of the partnership (owed either to a nonpartner creditor or to a partner other than for capital and profits) is the overhead attributable to the winding up of partnership business. (*Jewel v. Boxer* (1984), 156 Cal. App. 3d 171, 180, 203 Cal. Rptr. 13, 19-20; see also *In re Estate of Barbera* (1973), 55 Ill. 2d 235, 238-39 (surviving partner received overhead allowance for completing partnership cases).) Therefore, prior to the distribution of any profits, each partner is entitled to be reimbursed for the reasonable and necessary overhead expenses attributable to winding up the partnership's business.

Since there was no showing that the partners agreed to change the distribution of profits after dissolution and Spiezer waived his contention that there was a provision of the oral partnership agreement altering the distribution of profits on dissolution, the distribution formula in effect at the time of dissolution remains in effect. That formula, as it relates to the cases in dispute, provides for bonuses. The amount of the bonus depends primarily on the size of the contingent fee. No bonus is paid if the fee is less than $5,000; a 10% bonus is paid if the fee is between $5,000 and $10,000; and a 15% bonus is paid if the fee is $10,000 or more. The bonus is divided equally between the partner who originated the case and the partner who handled it. No bonus is paid if one partner originated and the other two handled the case.

■ From the foregoing it can be seen that the circuit court's order regarding distribution of post-dissolution profits from contingent fee cases of the partnership was erroneous. The order modified the partners' agreement with respect to bonuses to eliminate those paid to the partner handling a case. It then allocated 50% of the balance of

the fee to the partner handling the case. This may have been an erroneous attempt to provide extra compensation to that partner; or an attempt to provide some sort of an allowance for overhead when there was no evidence to establish that an allowance of this sort would properly reimburse the parties for overhead attributable to partnership business they were completing; or an attempt to do both simultaneously. In any event, the distribution ordered by the court was erroneous and must be reversed.

This cause must also be remanded because it is impossible to determine from the record the amount of money the parties should be reimbursed for reasonable and necessary overhead expenses attributable to partnership business. After all liabilities of a higher statutory rank (including reimbursement of partners for overhead attributable to partnership business) have been satisfied, the partners will be entitled to share in the remaining profits in accordance with the terms of their partnership agreement which have already been discussed. Ill. Rev. Stat. 1983, ch. 106½, par. 40(b).

The judgment of the circuit court of Winnebago County is accordingly reversed and the cause is remanded.

Reversed and remanded.

UNVERZAGT and HOPF, JJ., concur.