Roger L. STEEBY, and Audit Consultants of Arizona, Inc., an Arizona corporation, Plaintiffs–Appellees and Cross–Appellants,

v.

Charles FIAL; Audit Consultants of Colorado, Inc., a Colorado corporation; and Audit Consultants, a Colorado partnership, Defendants–Appellants and Cross–Appellees.

No. 85CA1396.

Colorado Court of Appeals, Div. II.

Nov. 21, 1988.

Rothgerber, Appel, Powers & Johnson, Alan W. Anderson, Denver, for plaintiffs-appellees and cross-appellants.

Martin, Shannon, Drought & Tempel, Sandra Younghans, Denver, for defendants-appellants and cross-appellees.

PLANK, Judge.

In an action for breach of partnership agreement, wrongful dissolution of that partnership, and accounting in dissolution of the partnership, defendants, Charles Fial, and Audit Consultants of Colorado, Inc., appeal from a judgment in favor of plaintiffs, Roger J. Steeby and Audit Consultants of Arizona, Inc. Plaintiffs cross-appeal the trial court's denial of attorney fees claimed pursuant to § 13–17–101, C.R. S. (1987 Repl Vol. 6A). We affirm.

In January 1977, Steeby and Fial formed a partnership at will to perform auditing services. Pursuant to the agreement, Steeby and Fial shared equally the equity, income, and profits of the partnership.

Originally, Steeby and Fial performed the auditing services themselves. However, as business increased, the partnership engaged independent contractors (auditors) to do the auditing work. By 1984, the auditors were performing the audits for

the partnership's clients, and Steeby and Fial spent their time supervising the auditors' work and finding new business.

The activities of Fial generated approximately 80% of the partnership's revenues while Steeby produced the remaining 20%. Apparently, unhappy with their agreement to divide the profits equally, Fial wrote a letter to Steeby on July 11, 1984, dissolving the partnership. The letter noted, however, that since there was "no common property and no common liabilities," the separation of the partners "should merely involve the assignment of accounts."

Subsequently, Fial told the auditors that their obligations to the partnership would be terminated on September 10, 1984. Furthermore, Fial terminated contracts with partnership clients and put them under contract with his new firm, Audit Consultants of Colorado, Inc. From September 1984 through February 1985, Fial signed up the auditors to do auditing for clients which had been clients of the partnership. The partnership was formally terminated May 23, 1985.

Steeby brought an action against Fial for breach of the partnership agreement and for a final accounting of all partnership assets. The trial court found that Fial had violated the partnership agreement by breaching a fiduciary duty he owed to Steeby. The trial court determined that Fial had breached his fiduciary duty in several ways: by terminating the auditors and thereby dissipating assets of the partnership; by terminating contracts with partnership clients; and by taking over the auditors of the partnership and going forward with work for his new firm that was partnership work. The trial court appointed a receiver to issue a final accounting and distribute all partnership property and assets. This appeal followed.

## I.

Fial initially contends that the trial court erred in concluding that he had breached a fiduciary duty to Steeby during the winding up of the partnership. We disagree.

Partners in a business enterprise owe to one another the highest duty of loyalty; they stand in a relationship of trust and confidence to each other and are bound by standards of good conduct and square dealing. *Hooper v. Yoder*, 737 P.2d 852 (Colo.1987). This principle is codified in § 7–60–121, C.R.S. (1986 Repl.Vol. 3A), which provides that:

"Every partner must account to the partnership for any benefit and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of his property."

Furthermore, each partner has the right to demand and expect from the other a full, fair, open, and honest disclosure of everything affecting the relationship. *Kincaid v. Miller*, 129 Colo. 552, 272 P.2d 276 (1954). *See* § 7–60–120, C.R.S. (1986 Repl. Vol. 3A).

Generally, a partnership proceeds through a three-step dismantling: dissolution, winding up, and termination. *Ramseyer v. Ramseyer*, 98 Idaho 47, 558 P.2d 76 (1976). The parties' relationship changes and their partnership dissolves when a partner ceases to be associated in the carrying on, as distinguished from the winding up, of the business. *See Paciaroni v. Crane*, 408 A.2d 946 (Del.1979). That dissolution, however, does not terminate the partnership. Rather, the partnership continues until the winding up of partnership affairs is completed. Upon the completion of winding up, the partnership is thereby terminated. *See Paciaroni v. Crane, supra.*

Here, during the winding up period, Steeby and Fial agreed that the auditors would be told that the partnership was being dissolved but that they were to continue their work on partnership accounts. Thereafter, Fial unilaterally contracted with the auditors to do auditing for clients which had been clients of the partnership. Fial dealt individually with existing partnership clients and established new contractual relationships with them but on the

behalf of his new firm. The trial court determined correctly that Fial had breached his fiduciary duty to Steeby by concealing the termination of the contracts with the auditors and partnership clients and subsequently renegotiating these contracts for his own personal gain.

Even after dissolution of a partnership, both partners continue to have a fiduciary duty to the other partner that continues until the partnership assets have been divided and the liabilities have been satisfied. Section 7–60–121, C.R.S. (1986 Repl.Vol. 3A). A partner is not entitled to take any action with respect to unfinished partnership business which leads to purely personal gain. *Ellerby v. Spiezer*, 138 Ill. App.3d 77, 92 Ill.Dec. 602, 485 N.E.2d 413 (1985). Further, a partner completing unfinished partnership business cannot cut off the rights of the other partners in the dissolved partnership by the tactic of entering into a "new" contract to complete such business. *Rosenfeld, Meyer & Susman v. Cohen*, 194 Cal.Rptr. 180, 146 Cal.App.3d 200 (1983).

Hence, the trial court was correct in determining that Fial had breached a fiduciary obligation by dissipating the assets of the partnership and by refusing to account for their value during the period of winding up.

## II.

Fial next asserts that, even if he breached a fiduciary duty, Steeby suffered no harm, and thus, the trial court erred in calculating and awarding damages. We disagree.

The trial court, sitting in equity, concluded the only fair way to determine Steeby's lost profits was to assign a value to the auditors and existing partnership clients as partnership assets. Accordingly, the court determined that all endeavors of the auditors on work with partnership clients and all new contracts entered into with partnership clients as of the official termination date of May 23, 1985, were partnership assets. However, the court determined that all contracts entered into with new clients who were not previously clients of the partnership should not be considered as partnership assets. Also, the court imposed a constructive trust on all funds emanating from any contracts made by either party with clients of the partnership during the period of July 11, 1984, until May 24, 1985, and on all work in progress as of July 11, 1984.

When a breach of fiduciary duty has been established, the injured party may recover his share of the partnership profits and property through the imposition of a constructive trust. *Hooper v. Yoder, supra.* "Constructive trusts are raised by equity in respect of property which has been acquired by fraud, or where, though acquired originally without fraud, it is against equity that it should be retained by him who holds it." *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

Here, the trial court imposed a constructive trust on behalf of Steeby for one-half of all profits received by Fial as an equitable remedy for Fial's breach of duty. We conclude that, in doing so, the trial court properly exercised its equitable power. *See Page v. Clark, supra; Hooper v. Yoder, supra.*

## III.

Fial's final contention is that there was insufficient evidence to support the trial court's findings that Fial breached the fiduciary duty he owed to Steeby. We disagree.

The sufficiency of the evidence and these conclusions therefrom are within the province of the trial court and may not be disturbed on appeal unless clearly erroneous. *People In Interest of M.S.H.*, 656 P.2d 1294 (Colo.1983).

In non-jury trials, a trial court's determination will not be disturbed on review unless so clearly erroneous as to find no support in the record. *Ault Aerial Applicators, Inc. v. Irvine*, 684 P.2d 949 (Colo. App.1984). Here, the record fully supports the court's findings of Fial's breach of fiduciary duty. Furthermore, we conclude the trial court's determination denying Stee-

by's request for attorney fees was proper. Therefore, the court's findings and conclusions will not be disturbed on appeal.

JUDGMENT AFFIRMED.

SMITH and BABCOCK, JJ., concur.