342 So.2d 981 (1977)
Franklin D. KREUTZER, Appellant,
v.
Milton J. WALLACE, Appellee.
No. 75-956.
District Court of Appeal of Florida, Third District.
February 1, 1977.
Rehearing Denied February 25, 1977.
Jepeway, Gassen & Jepeway, Miami, for appellant.
Frates, Floyd, Pearson, Stewart, Proenza & Richman and John M. Brumbaugh and James D. Little, Miami, for appellee.
Before HENDRY, C.J., BARKDULL, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This is an appeal from a final judgment entered in an action for dissolution of a professional association engaged in the practice of law. The action was brought by *982 Mr. Wallace, owner of 60% of the stock in the corporation, for dissolution and other relief. The appellant, Mr. Kreutzer, was owner of the remaining 40% of the stock.
Upon hearing, the trial court entered the following final judgment:
"THIS CAUSE came on to be heard before me the 7th day of May, 1975, for Final Hearing. The Court, after hearing argument of counsel, orders and adjudges as follows:
"1. In open Court, counsel for the parties stipulated that there were no factual issues to be disposed of in connection with the dissolution of Wallace & Kreutzer, P.A., a Professional Service Corporation engaged in the practice of law.
"2. The parties stipulated, and the Court so finds and orders, that the `effective termination date of the P.A.'s practice of law was March 31, 1974.'
"3. The parties stipulated, and the Court so finds and orders, that when all pending matters are `wound up,' the assets of the P.A., after payment of the P.A.'s liabilities, shall be distributed to the stockholders in proportion to their stockholdings, to-wit:

"MILTON J. WALLACE 60%
 "FRANKLIN D. KREUTZER 40%

"4. The parties stipulated, and the Court so finds and orders, that the issues of law herein are controlled by the case of Frates vs. Nichols, 167 So.2d 77 ((Fla. App.) 3 DCA 1964).
"5. The parties stipulated that the sole issue, as a matter of law, to be determined by this Court, is the disposition of legal fees arising out of client matters pending as of March 31, 1974.
"6. Counsel for Wallace urged that the Court make a distinction between fees earned and paid for by clients on an hourly basis and fees earned and paid for on a contingent contract basis. The Court finds that, as a matter of law, there is no such distinction.
"7. The Court finds that Milton J. Wallace and Franklin D. Kreutzer are each entitled to `income' for services rendered in `winding up' their respective cases for the benefit of the firm subsequent to March 31, 1974, the stipulated day of the P.A.'s termination. Accordingly, in accordance with the formula approved in Frates v. Nichols, supra, Wallace shall receive 60% of all fees collected by Wallace after March 31, 1974, relating to P.A. matters pending on March 31, 1974, wherein Wallace wound up said matter. The remaining 40% of all said fees collected by Wallace shall be paid to the P.A. Correspondingly, Kreutzer shall receive 40% of all fees collected by Kreutzer after March 31, 1974, relating to P.A. matters pending on March 31, 1974, wherein Kreutzer wound up said matter. The remaining 60% of all said fees collected by Kreutzer shall be paid to the P.A.
"8. After all matters pending as of March 31, 1974 are finally `wound up', the P.A. shall be formally dissolved and the remaining assets after the payment of all liabilities, shall be distributed as set forth in Paragraph 3 above.
"9. The parties stipulated and the Court orders, that implementation of the instant Order be accomplished, without the necessity of the appointment of a Receiver.
"10. Jurisdiction is reserved by this Court to implement the terms of this Order."
Appellant, Kreutzer's principal contention in this appeal is that the trial court erred in ruling that an attorney in dissolving a professional association of which he is a member is entitled to income for winding up P.A. cases, over and above his interest in the total assets and fees of the P.A. We find merit in appellant's contention and reverse.
The trial court misapplied the holding of this court in Frates v. Nichols, supra. We said in Frates: "We adopt the rule recognized by our sister states that the retention of a law firm obligates every member thereof to fulfilling that contract, and that upon a dissolution any of the partners is obligated to complete that obligation without extra compensation." Frates v. Nichols, *983 167 So.2d 77, 81 (Fla.App., 3d DCA 1964).
Since the agreement under which Wallace and Kreutzer operated made no provision for extra compensation for members of the firm for winding up cases subsequent to dissolution, the rule enunciated above controls.
For the reason stated, that portion of the judgment that awarded extra compensation to each of the partners for work done or to be done in winding up the cases of the P.A. is reversed. It stands affirmed in all other respects.
Affirmed in part; reversed in part.