PER CURIAM.
The parties are former law partners who, upon the dissolution of their partnership, undertook to divide the responsibility for closing out then pending cases and collecting fees therefrom. The only agreement between them was a partnership agreement which called for each of the partners to receive a certain percentage of the partnership’s net income. The trial court found that, in addition to a partner being entitled to receive his or her percentage of all fees collected on pre-dissolution cases, the “collecting” partner was entitled to an additional twenty per cent of the fees collected by such partner as the overhead expenses attributable to his working on the case and collecting the fee. Both sides agree that the trial court was wrong. Sheradsky, on his appeal, claims he was entitled not to a mere twenty per cent, but to 41.12 per cent off the top of the fees collected by him, that being the historical overhead expense of the former firm. Moore and the remaining partners, on their cross-appeal, claim that neither Sheradsky nor they were entitled to any additional amount for their closing out and collecting efforts. We agree with the appellees.
The final judgment under review is reversed upon our holding that (1) a law partner in dissolution owes a duty to his former firm to conclude the firm’s business pending at time of dissolution and is not entitled to extra compensation for this activity in the absence of a specific agreement among the partners which provides therefor, Welsh v. Carroll, 378 So.2d 1255 (Fla.3d DCA 1980); Kreutzer v. Wallace, 342 So.2d 981 (Fla.3d DCA 1977); Frates v. Nichols, 167 So.2d 77 (Fla.3d DCA 1964); and (2) in this context, overhead expenses are extra compensation.
Finding no error in the trial court’s order reserving ruling on Sheradsky’s motion to tax costs, we affirm that order. Roberts v. Askew, 260 So.2d 492 (Fla.1972). The final judgment of the trial court is reversed with directions to enter judgment in favor of the appellees in accordance with this opinion.
Affirmed in part; reversed in part.