(707 P.2d 1091)

No. 57,605

JOHNNY PALMER, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Petition for review denied December 19, 1985.

Opinion filed October 31, 1985.

*Richard J. Rome*, of Hutchinson, for the appellant.

*Timothy J. Chambers*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before BRISCOE, P.J.; TERRY L. BULLOCK, District Judge, assigned; and FREDERICK WOLESLAGEL, District Judge Retired, assigned.

BULLOCK, J.: Johnny Palmer appeals from an order of the Reno County District Court summarily denying, without a fact hearing, his motion for post-conviction relief under the provisions of K.S.A. 60-1507.

Palmer was convicted of aggravated battery (K.S.A. 21-3414) and unlawful possession of a firearm (K.S.A. 21-4204) following a shooting incident in his home in 1980. On appeal both convictions were upheld by this court. *State v. Palmer*, No. 53,253, unpublished opinion filed July 2, 1982. With the assistance of retained counsel, in December 1983, Palmer filed a motion for new trial based on an affidavit submitted by Mark Reed, a prosecution witness, in which Reed recanted his trial testimony concerning whether he had seen Palmer with a gun (a fact important in both convictions).

The trial judge denied Palmer's motion for new trial, finding:

"After such review of the trial by the Court, the Court must find that the recanted testimony is wholly untrustworthy.

"The witness, Mark Reed, made statements to the police at the scene of the shooting that basically were aligned with his testimony at trial. It is also obvious from the transcripts that the witness was in fear of the defendant. Now that the witness is also incarcerated with the defendant the evidenced fear of the witness

could be used to the defendant's advantage to prompt such recanting by the witness.

"The transcripts show that the defendant and his girlfriend/victim told one version of the facts and the law enforcement personnel and the other witnesses told another version. The jury chose to believe the latter version of the facts and found defendant guilty. Even if the witness had recanted prior to trial there would still be sufficient evidence for the jury to arrive at the same verdict and, as a reasonable trier of facts, to have found the defendant guilty beyond all reasonable doubt."

The statement that "other witnesses told another version" in the trial court's decision refers to the trial testimony of Francis Coffee, who testified Palmer hit her with the gun in his hand shortly before he shot the victim, and to the trial testimony of Calvin Stewart, who testified Palmer had the gun in his possession the evening of the shooting. No appeal was taken by Palmer from this decision and order of the trial court.

On June 28, 1984, Palmer filed a pro se motion for post-conviction relief under the provisions of K.S.A. 60-1507. In a second affidavit submitted with this motion, Reed renewed his recantation and added that the prosecutor knew the statements he (Reed) made against Palmer were false. As grounds for relief, Palmer urged that the trial court erred in denying his motion for a new trial, and further that his constitutional right to a fair trial was denied when the prosecutor knowingly allowed false testimony to be given against him at his trial. The motion was denied by the trial court, as we have previously noted, without evidentiary hearing.

On appeal the sole question raised is whether the trial court erred in denying Palmer's request for post-conviction relief without an evidentiary hearing.

In the usual case, an allegation that the prosecutor knowingly induced perjury requires a fact hearing. *Rodgers v. State*, 197 Kan. 622, 419 P.2d 828 (1966). The case at bar is not the usual case, however. Here, Palmer has had a full judicial determination of whether the testimony of Reed at trial was false. That occurred in connection with Palmer's motion for new trial. The factual determination made was that the trial testimony was *not* false. No appeal from that determination was taken. Trial court determinations of fact, unappealed from, are final and conclusive. *In re Reed*, 8 Kan. App. 2d 602, 604, 663 P.2d 675 (1983). Although not strictly required, we have also reviewed the record below and we are additionally persuaded that the questioned

fact findings of the trial court are amply supported by substantial competent evidence.

The issue of the falsity of Reed's trial testimony having been finally concluded adverse to Palmer, there can be no necessity for a further fact hearing to determine if the prosecutor knowingly induced "false" testimony from Reed. The mere statement of the proposition reveals its absurdity.

In our view, if the trial judge had permitted an evidentiary hearing it would have been effective only to question the ethics of the prosecuting attorney. Even if the evidence at such a hearing indicated the prosecutor introduced true evidence under the mistaken belief it was false, it would fail to show a conviction based on false testimony. To allow evidence that could be effective only to question the ethics of the prosecutor would be to allow an improper use of K.S.A. 60-1507. Under these circumstances the position taken by the trial judge was particularly appropriate.

Affirmed.