## JOHN T. MESSINA, SR. *v.* RALPH P. CALANDRO (13859)

SHEA, CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued January 31—decision released April 17, 1990

*Alexandra Davis,* with whom was *Wesley W. Horton,* for the appellant (defendant).

*Prescott W. May,* for the appellee (plaintiff).

GLASS, J. The plaintiff, John T. Messina, Sr., a partner in an oral partnership agreement with the defendant, Ralph P. Calandro, brought this action seeking an accounting after the termination of their partnership. The trial court rendered judgment for the plaintiff, ordering an accounting. We find no error.

The trial court's memorandum of decision, supplemented by evidence in the record, reveals the following facts. In the spring of 1984, the plaintiff and the defendant orally formed a partnership to acquire a certain parcel of land in Derby, and to seek zoning approval to build condominiums on the land. The trial court found that the parties had never executed a written agreement, as they had been close friends for twenty years and had a relationship of trust between them. The trial court found, however, that the parties agreed that if zoning approval were granted, and the land was sold as approved, the plaintiff would receive 60 percent of the profits and the defendant would receive 40 percent of the profits. If, however, the parties decided to build and sell the condominiums, the

defendant would receive 60 percent of the profits and the plaintiff would receive 40 percent of the profits. The trial court found further that ultimately the zoning approval was granted. In the fall of 1985, however, the plaintiff inquired of the defendant about his share of the profits from the partnership. According to the testimony of the plaintiff, the defendant responded: "I'm tired of your inquirings and your interferences, as far as I'm concerned you are out, you are out of this project, we have no papers." The trial court found that, at the time the defendant made this statement, he had already begun site preparation for the condominium development, and that the defendant thereafter proceeded to build condominiums on the land and sell them all at a price higher than had been anticipated.

On November 20, 1987, the plaintiff commenced this action for an accounting, and, in the first three paragraphs of his complaint, he alleged the following: "1. On or before January, 1984, the plaintiff and the defendant, under an oral agreement, formed a partnership known as R & J Associates. 2. Under said agreement the partnership was to acquire certain real estate located on Route 34 in Derby, Connecticut, for purposes of building and selling residential condomimiums on said property. 3. In furtherance of said agreement, the partnership applied for a special exception with the zoning commission of the City of Derby and received permission to construct forty-four (44) two (2) bedroom units." The defendant admitted these first three paragraphs of the complaint in his answer.

The trial court concluded that a partnership existed and rendered judgment for the plaintiff, ordering an accounting pursuant to General Statutes § 34-60.[1] The

---

[1] "[General Statutes] Sec. 34-60. RIGHT OF PARTNER TO ACCOUNTING. Any partner shall have the right to a formal account as to partnership affairs: (a) If he is wrongfully excluded from the partnership business or possession of its property by his copartners, (b) if the right exists under the terms

defendant then appealed to the Appellate Court, and pursuant to Practice Book § 4023, this court transferred the case to itself. While this appeal was pending, however, the defendant filed a motion for articulation with the trial court. Specifically, the defendant asked the trial court: "1. Upon which of the criteria provided in § 34-60 is the order for accounting based? 2. During what specific period of time does the trial court find a partnership existed between the parties? 3. For what period of time is the order of accounting applicable?"

The trial court responded, in part, to the first question by stating: "The main criterion upon which the order for accounting was based was pursuant to General Statutes § 34-60 (b) insofar as the defendant admitted the existence of a partnership agreement in paragraphs one, two and three of his answer." In response to the second question, the trial court stated: "By [the] defendant's admissions in paragraphs one, two and three, the partnership was for the period of time it would take to secure zoning and [build] the condominiums. The evidence supports [the] plaintiff's claim that the parties had agreed [the] plaintiff would be entitled to 40% of the profits and [the] defendant would receive 60%." Finally, in response to the third question, the trial court stated: "The order for accounting covers a period to the time when all the units were sold and all profits and losses tabulated."

On appeal, the defendant claims that the trial court: (1) erred in finding that the order of accounting covers the period when all units were sold and all profits and losses tabulated; and (2) misapplied the law in basing its order on § 34-60 (b).

of any agreement, (c) as provided by section 34-59, (d) whenever other circumstances render it just and reasonable."

The defendant does not argue that a partnership did not exist. Nor does he argue that the plaintiff had no right to an accounting. Rather, the defendant's principal claim is that the trial court erroneously ordered an accounting beyond the fall of 1985, the time at which the defendant contends that the partnership terminated. According to the defendant's argument, the partnership and accounting periods in this case are coterminous. Thus, the defendant asserts that, since the partnership terminated in the fall of 1985, it was erroneous for the trial court to order an accounting beyond that time.

The defendant's argument, however, ignores the fact that the trial court found that the defendant admitted the allegations in the complaint stating that, under the partnership agreement, the partnership was to acquire certain real estate located in Derby for the purpose of building and selling residential condominiums on the property. The defendant also admitted that, in furtherance of the partnership agreement, the partnership applied for and received a special exception from the zoning commission of Derby granting the partnership permission to construct forty-four two bedroom units. Under these circumstances, we are not persuaded that the fact that one partner unilaterally terminates the partnership, and elects to proceed alone to build and sell the condominiums as the partners had agreed, extinguishes the other partner's interest in the forty-four units as the partnership agreement contemplated.

In sum, we discern a distinct parallel between the present case and the dissolution of a law partnership. "[A]fter dissolution of a law partnership, income received by the former partners from cases unfinished at the time of dissolution is to be allocated on the basis of the partners' respective interests in the dissolved partnership . . . ." *Jewel* v. *Boxer,* 156 Cal. App. 3d 171, 177, 203 Cal. Rptr. 13 (1984). "Upon dissolution,

a withdrawing partner is entitled to a pro rata share of fees received after dissolution for work done before dissolution." *In re Iota Industries, Inc.,* 42 Bankr. 285, 288 (S.D.N.Y. 1984). Thus, just as an attorney, after the dissolution of a law partnership, has the right to his pro rata share of fees received from a case that was brought into the partnership prior to its dissolution, the plaintiff, in this case, has the right to his share of the profits from the sale of the condominiums as contemplated by the partnership agreement.[2]

Consequently, the trial court's ordering of an accounting, for the period of time up to when "all the units were sold and all profits and losses tabulated," was not clearly erroneous.

There is no error.

In this opinion the other justices concurred.

---

[2] The defendant argues that the trial court erred in relying on General Statutes § 34-60 (b) in basing its order for an accounting, because the right to an accounting did not exist "under the terms of [the] agreement." General Statutes § 34-60 (b). At oral argument, however, the defendant conceded that the plaintiff was indeed entitled to an accounting, and thus he abandoned this argument.