(820 P.2d 1248)

No. 64,377

SULLIVAN, BODNEY & HAMMOND, A Professional Corporation, ROBERT B. SULLIVAN, and CHARLES E. HAMMOND, *Appellants*, v. HOWARD E. BODNEY, *Appellee*.

Opinion filed November 22, 1991.

*Robert B. Sullivan*, of Polsinelli, White, Vardeman & Shelton, of Overland Park, for appellants.

*Howard E. Bodney*, appellee *pro se*.

Before REES, P.J., ELLIOTT, J., and THOMAS R. CONKLIN, District Judge, assigned.

CONKLIN, J.: Robert Sullivan, Howard Bodney, and Charles Hammond incorporated Sullivan, Bodney and Hammond, P.C. (SBH), under the laws of the State of Missouri on May 1, 1980. By May 1985, the office was in a state of discord. Sullivan notified Hammond and Bodney that he wished to terminate SBH. On June 8, 1985, in a "hostile" meeting, the three principals met to discuss winding up SBH. At this meeting, the three principals fixed July 31, 1985, as the date they would cease the practice of law as SBH. The matter of cases and contingent fees was discussed; however, a formal agreement was not reduced to writing.

This lawsuit and appeal therefrom stem from the disagreement as to the disposition of contingent fees. A case being handled on behalf of Fonda Fleming is at the heart of the matter. An action on Fleming's behalf was commenced by SBH prior to July 31, 1985. It was later settled by Bodney. Bodney's fee amounted to $250,000. He did not account to SBH for any of the fee proceeds; instead, he kept the entire proceeds for his personal use.

Subsequently, Sullivan and Hammond voted themselves additional monies at a directors' meeting on February 15, 1986, as follows: $6,000 and $2,500, respectively, for unused vacation time; $1,500 each for liquidating the firm's assets; and $1,400 each for their administrative services in collecting SBH accounts receivable. Bodney voted against these three payments. SBH had never paid an attorney for unused vacation time previously and had no policy pertaining to unused vacation. At a March 10, 1986, special directors' meeting, Sullivan and Hammond voted to hire counsel to sue Bodney for the contingent fee he had collected.

SBH, Sullivan, and Hammond appeal the order of the district court awarding distribution of firm contingent fees on a quantum meruit basis; denying payment for unused vacation time; and denying the plaintiffs attorney fees for the cost of bringing this action.

Our review of findings of fact is limited. If the trial court's findings of fact are supported by substantial competent evidence, they will not be disturbed. *Army Nat'l Bank v. Equity Developers, Inc.*, 245 Kan. 3, 19, 774 P.2d 919 (1989). Further, "[t]rial court determinations of fact, unappealed from, are final and conclusive." *Palmer v. State*, 10 Kan. App. 2d 656, 657, 707 P.2d 1091, *rev. denied* 238 Kan. 878 (1985). However, "[t]his court's review of conclusions of law is unlimited." *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988).

No appeal has been taken from the trial court's disapproval of distributions of $1,500 to Sullivan and Hammond "awarded" for liquidating the firm's assets. Also, there is no appeal from the trial court's disapproval of distributions to Sullivan and Hammond "awarded" for administrative services in collecting the firm's accounts receivable. Therefore, those matters are final and conclusive and will not be disturbed on appeal. *Palmer v. State*, 10 Kan. App. 2d at 657.

The trial court held that Sullivan, Hammond, and Bodney failed to reach an agreement as to the disposition of the contingent fees on cases commenced by SBH before July 31, 1985, but which had not been settled or reduced to judgment until after that date. Because no meeting of the minds had occurred in this regard, the trial court proceeded in equity. The court cited the propo-

sition that an attorney who is discharged without cause is entitled to compensation in quantum meruit. The court thus determined that the SBH members were entitled to reasonable compensation for the hours spent on these cases and, if the outcome was positive, the SBH members were entitled to participate in the ultimate award. The trial judge went to great lengths to compute a fair division of the uncollected fees as of July 31, 1985. His effort to achieve an equitable result was commendable. However, this is an issue of first impression in this court and the weight of authority dictates that this portion of the trial court's decision must be reversed.

*Jewel v. Boxer*, 156 Cal. App. 3d 171, 174, 203 Cal. Rptr. 13 (1984), is a seminal case holding:

"[I]n the absence of a partnership agreement, the Uniform Partnership Act requires that attorneys' fees received on cases in progress upon dissolution of a law partnership are to be shared by the former partners according to their right to fees in the former partnership, regardless of which former partner provides legal services in the case after the dissolution."

*Jewel* involved a law partnership and was largely based upon the Uniform Partnership Act (UPA). However, the *Jewel* court also enunciated valid policy reasons justifying the decision. The rule negates any incentive to compete for the big cases while the partnership is a going concern so as to retain these cases in the event of dissolution. In conjunction with the former, it encourages ethical conduct because it negates any incentive to take physical possession of remunerative cases in anticipation of retaining them upon dissolution. Further, had the partnership not dissolved, the attorney who completed the case would only have been entitled to his right to share in the fee according to the partnership agreement. *Jewel*, 156 Cal. App. at 179. See *Beckman v. Farmer*, 579 A.2d 618, 636 (D.C. 1990) (pending cases are uncompleted transactions and assets of the partnership subject to post-dissolution distribution). See also *Messina v. Calandro*, 214 Conn. 596, 600-01, 572 A.2d 1012 (1990) (profits from a real estate partnership are assets of the dissolved partnership to be distributed according to the partnership agreement); *Welsh v. Carroll*, 378 So. 2d 1255, 1257 (Fla. Dist. App. 1979), *cert. denied* 386 So. 2d 643 (1980) (fees are to be divided by employment contract, as court found it not affected by dissolution); *Ellerby v. Spiezer*,

138 Ill. App. 3d 77, 81-82, 485 N.E.2d 413 (1985) (fees from contingent fee cases are assets of the partnership to be divided in accordance with the UPA); *Marr v. Langhoff*, 322 Md. 657, 668-69, 589 A.2d 470 (1991) ("Work in progress at the time of dissolution is an asset of the dissolved firm and the partners have an obligation to complete the work in progress. The compensation of the partners for completing work in progress during the winding up of the dissolved partnership is determined, absent special agreement, by the partners' interest in the profits of the dissolved partnership."); *Resnick v. Kaplan*, 49 Md. App. 499, 507, 434 A.2d 582 (1981) (rejecting quantum meruit payment to dissolved partnership, as fees are properly assets of the partnership to be divided per the partnership agreement); *Meehan v. Shaughnessy; Cohen*, 404 Mass. 419, 430, 535 N.E.2d 1255 (1989) (winding up business is for benefit of the dissolved firm); *Thomas v. Marvin E. Jewell & Co.*, 232 Neb. 261, 268, 440 N.W.2d 437 (1989) (partnership agreement in effect at dissolution controls division of profit/loss).

*Fox v. Abrams*, 163 Cal. App. 3d 610, 210 Cal. Rptr. 260 (1985), applied the law partnership rationale in *Jewel* to a law corporation. The *Fox* court cited the *Jewel* case as "the proper way to resolve the instant dispute," 163 Cal. App. 3d at 613, and "therefore the fact that a law corporation is involved is no reason to disregard the fair and reasonable principles of *Jewel*." 163 Cal. App. 3d at 617.

Bodney's argument that the principles of *Jewel, Fox,* and their progeny are inapplicable because the law corporation was not dissolved pursuant to Missouri law is without merit. Findings of fact made by the trial court in its memorandum included these: Sullivan's memorandum dated April 28, 1985, expected a liquidation by May 1985; the memorandum dated June 4, 1985, reiterated Sullivan's demand to dissolve as soon as possible; Sullivan, Hammond, and Bodney agreed to continue the operation of SBH until July 31, 1985; the business personalty would be sold and the proceeds used to retire outstanding indebtedness; and SBH abandoned its practice of law and closed its doors on July 31, 1985. The case of *Champion v. Superior Court*, 201 Cal. App. 3d 777, 247 Cal. Rptr. 624 (1988), cited by Bodney, is clearly distinguishable as the parties in that case did not intend

to dissolve. In contrast, the parties in this case clearly intended to dissolve as found by the trial court. Although the formal requirements had not been complied with, the actions of Sullivan, Hammond, and Bodney constituted a de facto dissolution.

*Jewel* and *Fox* are persuasive authority and establish a trend by courts in dealing with the issue before us. The fact that SBH was not formally dissolved pursuant to statute is not relevant. Therefore, the contingent fee cases commenced by SBH before July 31, 1985, were assets of SBH and properly payable to it. Sullivan, Hammond, and Bodney were then entitled to receive payment according to their interests in the firm as of July 31, 1985.

Plaintiffs argue that SBH should be entitled to recoup attorney fees in pursuing this litigation. Our Supreme Court has addressed this issue in *Newton v. Hornblower, Inc.*, 224 Kan. 506, 582 P.2d 1136 (1978). The facts are nearly indistinguishable. In *Newton*, one of three stockholders brought a partial derivative suit against the other two stockholders. "His action was not one predicated to benefit a large group of other individuals at plaintiff's expense as is frequently true in a stockholders' derivative action." 224 Kan. at 526. Here, Sullivan and Hammond were suing the only other shareholder, Bodney. Only Sullivan and Hammond stand to benefit. Therefore, the trial court was correct in denying attorney fees to SBH, and that portion of the judgment is affirmed.

Plaintiffs argue that the trial court erred in denying payment to Sullivan and Hammond for accrued unused vacation time. The trial court's findings of fact clearly support its conclusion that the plaintiffs were not entitled to payment for unused vacation. Both Sullivan and Hammond testified that SBH had not in the past paid for unused vacation and had no policy relating to unused vacation. Findings of fact supported by substantial competent evidence will not be disturbed on appeal. *Palmer v. State*, 10 Kan. App. 2d at 657. The trial court's decision denying payment for unused vacation is affirmed.

The trial court decision is affirmed with regard to the issue of attorney fees and vacation pay. The decision of the trial court in ordering distribution of contingent fee proceeds to Sullivan, Bod-

ney, and Hammond on a quantum meruit basis is reversed. The case is remanded to the trial court for further proceedings consistent with this opinion.