(941 P.2d 381)
No. 75,328 ■

JOHN L. VAKAS, M.D., *Appellant*, v. KANSAS STATE BOARD OF
HEALING ARTS, *Appellee*.

Opinion filed February 28, 1997.

*Daniel E. Monnat*, of Monnat & Spurrier, Chartered, of Wichita, for the appellant.

*Mark W. Stafford*, of Topeka, for the appellee.

Before MARQUARDT, P.J., PIERRON, J., and ROGG, S.J.

PIERRON,, J.: Appellant John L. Vakas filed an application with the Kansas State Board of Healing Arts (Board) for reinstatement of his license to practice medicine. The Board denied the application, and appellant appeals the district court's order upholding the Board's decision. We affirm.

Appellant was granted a license to practice medicine in 1966. In 1985, the Board issued an emergency order prohibiting him from selling, dispensing, administering, or prescribing controlled substances. In 1988, the Board revoked appellant's license to practice medicine and surgery. He did not appeal the revocation. In 1989, appellant filed an application for reinstatement of his license to practice medicine. The Board's denial of the application was upheld by the district court, and then the Kansas Supreme Court in *Vakas v. Kansas Bd. of Healing Arts*, 248 Kan. 589, 608, 808 P.2d 1355 (1991).

Appellant filed another application for reinstatement of his license in 1992, which is the subject of this appeal. The hearing officer issued an initial order recommending that appellant's license be reinstated upon his successful completion of the SPEX examination (which tests medical knowledge) and that he not be permitted to prescribe controlled substances upon reinstatement. Appellant petitioned for the Board to review this order. The

Board's final order denied the application for reinstatement, and appellant requested judicial review of the final order. The district court affirmed the decision of the Board.

One of the eight factors to be considered in determining whether to reinstate a medical license is "the nature and seriousness of the original misconduct." *Vakas,* 248 Kan. 589, Syl. ¶ 2. Appellant appears to argue that this allows for an essentially de novo review of the underlying decision.

The final order revoking appellant's license was issued on May 6, 1988, and he did not appeal from the revocation order. Therefore, the Board's findings of fact with respect to the revocation became final and conclusive and must be accepted as true. See *Crawford v. Prudential Ins. Co. of America,* 245 Kan. 724, 728, 783 P.2d 900 (1989); *Palmer v. State,* 10 Kan. App. 2d 656, 657, 707 P.2d 1091, *rev. denied* 238 Kan. 878 (1985).

The actions constituting the original misconduct were determined in the 1988 revocation order. In considering the nature and seriousness of the original misconduct, the factual conclusions of the order must be accepted as what occurred and was proven in the hearing. The question of what misconduct was established cannot be relitigated. It would not be appropriate for any hearing officer or court to review the original transcript and make contrary conclusions or findings.

Appellant emphasizes that this appeal may be his only opportunity to have the revocation hearing transcript reviewed. Any opportunity for complete review of that transcript and subsequent findings has passed. The only opportunity for a thorough review of that transcript would have been in a direct appeal from the revocation order.

The majority of appellant's arguments are attempts to challenge the sufficiency of the evidence in the revocation proceeding. This is improper. The findings of fact made at the time are final and binding. There is no necessity for the original transcript or the testimony of witnesses at that hearing to be reviewed and completely reevaluated in connection with this proceeding.

The next issue we must address is whether the Board acted improperly in refusing to grant appellant's application for reinstatement.

This case involves judicial review of an agency action. The scope of review is limited by K.S.A. 77-621. Appellant does not clearly identify the basis of his claim that the Board improperly refused to reinstate his license, but his brief indicates he is relying on K.S.A. 77-621(c)(7) and (8). These provisions permit the court to reverse an agency action when the action is not supported by substantial evidence when viewed in light of the record as a whole, or when the agency action is otherwise unreasonable, arbitrary, or capricious.

In *Vakas*, 248 Kan. 589, Syl. ¶ 2, the Kansas Supreme Court listed eight factors to be included when considering whether a license to practice medicine should be reinstated. These are (1) the present moral fitness of the petitioner; (2) the demonstrated consciousness of the wrongful conduct and disrepute which the conduct has brought the profession; (3) the extent of petitioner's rehabilitation; (4) the nature and seriousness of the original misconduct; (5) the conduct subsequent to discipline; (6) the time elapsed since the original discipline; (7) the petitioner's character, maturity, and experience at the time of the original revocation; and (8) the petitioner's present competence in medical skills.

The *Vakas* opinion also states the applicable standard of review. The agency's findings are presumed valid on review. In determining whether substantial evidence supports the agency action, the reviewing court may not set aside an agency order merely because it would have reached a different conclusion if it had been the trier of fact. Instead, the evidence must show that the agency's determination was so wide of the mark as to be outside of the realm of fair debate. 248 Kan. at 603. In determining whether the action was unreasonable, arbitrary, or capricious, the court must consider whether the agency acted without regard to the benefit or harm to all interested parties, or whether a particular action is justified or was done without foundation in fact. 248 Kan. at 604.

The burden of proving that the Board erred in denying reinstatement is on appellant. See 248 Kan. at 602. He also has the burden of proving by clear and convincing evidence that he is sufficiently rehabilitated to justify reinstatement of his license. See K.S.A. 65-2844.

In his brief, appellant discusses the evidence from the revocation hearing and concludes there was no serious misconduct shown. He then uses his belief that the original revocation was unjustified to argue summarily that most of the other seven factors are not relevant.

Appellant's attitude toward the reinstatement process is evident in a transcript from a Board meeting held on April 21, 1992. His application for reinstatement had just been deemed complete, and there was a discussion on how to proceed. The Board noted that some of the letters provided by appellant's doctors indicated he might not have the physical ability to practice medicine, and some letters stated he had a depressive mood disorder. The question of whether appellant was current in his medical knowledge was also raised.

The Board said it needed to resolve these issues and needed more information before it could evaluate the application. It requested that appellant be evaluated by a doctor designated by the Board, undergo a psychiatric evaluation, take the SPEX test to verify that his medical knowledge was current, and either take a test to determine whether he was physically capable of practicing medicine or get clearance from his treating physician that he was physically able to practice. Appellant refused to consider any of these, stating they were more stumbling blocks from the people who had persecuted and destroyed him.

Appellant appears unwilling to take reasonable steps to affirmatively establish his current knowledge and abilities. He did not meet his burden of showing he was sufficiently rehabilitated to justify reinstatement of his license. The Board's decision to deny his application is supported by substantial evidence and is not unreasonable, arbitrary, or capricious. No basis for reversing the agency action has been shown.

Appellant also contends the Board lacks the authority to impose conditions or restrictions on reinstatement of a medical license. The specific areas addressed by him are whether the Board can restrict his license by prohibiting him from prescribing controlled substances and whether the Board can condition reinstatement on

his taking the SPEX examination and testifying before the Board. These issues are not properly before this court.

The Board denied appellant's application for reinstatement. It did not attach conditions or restrictions to the reinstatement of the license. There is no actual controversy regarding these matters before the court, and this court does not render advisory opinions. See *Shanks v. Nelson*, 258 Kan. 688, 907 P.2d 882 (1995); *Carr v. Diamond*, 192 Kan. 377, 380, 388 P.2d 591 (1964).

The Board's decision does refer to the SPEX examination, but does not make the taking of the examination mandatory. K.S.A. 65-2844 provides that if the Board determines that a license shall not be reinstated, the person shall not be eligible to reapply for reinstatement for 3 years. In its order, the Board offered appellant relief from this 3-year waiting period. If he obtained a sufficient score on the SPEX examination and was willing to testify before the Board about his rehabilitation and ability to practice medicine, then the Board would consider an application for reinstatement prior to the expiration of 3 years. However, this was not a condition to reinstatement. Appellant is free to wait 3 years and to reapply without doing the things recommended by the Board.

Affirmed.